## HANNA LUMBER CO. et al. v. PENROSE et al.

No. 22498. Opinion Filed Jan. 19, 1932.

Green & Farmer, for petitioners.

Roy F. Ford and S. J. Montgomery, for respondents.

RILEY, J. Petitioners bring this action to review an award of the State Industrial Commission. The record discloses that respondent Penrose, on or about January 21, 1927, while employed by petitioner Hanna Lumber Company, received an accidental injury arising out of and in the course of said employment and coming within the provisions of the Workmen's Compensation Law. While engaged in "rubbing down woodwork," he got particles of steel wool in his eyes, resulting in infection necessitating the removal of the left eyeball.

Employer's first notice of injury was filed February 8, 1927. On February 25, 1927, claimant filed his first notice and claim for compensation, in which he stated the cause of the injury as "steel wool in both eyes—lacerations." As to the nature and extent of the injury, he stated: "Infected eye, necessitating removal of left eye." Compensation was paid until March 3, 1927. On March 8, 1927, notice was filed that payment of compensation had been suspended or stopped upon the ground that "claimant is fully recovered and is able to return to

work." With said notice was filed the report of the attending physician, which, among other things, stated:

"In an eye that had been totally blind for a period of years, an infection, apparently excited, by paint coloring matter, or perhaps particles of steel wool, was originated. Pain was great and inflammation aggressive. * * *

"An acute condition superimposed upon a functionless organ resulted in the removal of a blind eye."

The cause was set for hearing on motion to discontinue payment. At the hearing claimant contended that before the injury he was able to see to some extent with his left eye, and that whatever use he had thereof was wholly destroyed by the accidental injury. He also contended that he had a partial loss of vision of the right eye resulting from the said injury.

It was contended by the employer and insurance carrier that claimant had wholly lost the sight in the left eye long before the injury upon which his claim is based, and that there was no permanent partial loss of vision in the right eye. The evidence was in sharp conflict, although claimant did not seriously contend that before the accidental injury the sight of the left eye was not seriously impaired. He testified, however, that he had sufficient vision in the left eye to see and distinguish persons at a distance of about 15 feet. He testified that before the accidental injury, he had never had any trouble with his right eye, and that the vision in that eye was good before the accident involved. There was evidence to the effect that at the date of hearing there was impairment of vision in the right eye of approximately 8.5 per cent. The testimony of medical experts was to the effect that, in their opinion, the condition of the right eye was but temporary, and that with proper treatment, when the inflammation caused by the removal of the left eye had subsided, the right eye would return to normal. After the hearing of August 22, 1927, the State Industrial Commission made the following order:

"Having reviewed the testimony taken at said hearing, examined the records on file in said cause, and being otherwise well and sufficiently advised in the premises, the Commission is of the opinion that the motion of respondent and insurance carrier to discontinue compensation for claimant's temporary total disability should be sustained.

"The Commission is of the further opinion that claimant is entitled to compensa-tion for a serious disfigurement in an amount to be determined by the Commission.

"It is therefore ordered: That the motion of respondent and insurance carrier to discontinue compensation as of March 3, 1927, be and the same is hereby sustained as to compensation due claimant for total temporary disability.

"It is further ordered: That the question as to the amount due claimant for disfigurement be determined by the Commission at a later date."

Thereafter, on September 19, 1927, the Commission made a further order as follows:

"Now, on this 19th day of September, 1927, Clarence A. Penrose, claimant in the above-styled cause, appeared before the Commission pursuant to order made and entered herein on the 22nd day of August, 1927, in which it was found that claimant was entitled to compensation for a serious disfigurement resulting from an injury sustained on January 21, 1927, arising out of and in the course of his employment with respondent herein, Hanna Lumber Company, and it appearing that notice of claimant's intention to appear before the Commission had been given to all parties and having examined claimant for the purpose of determining the amount of compensation due, the Commission is of the opinion that claimant is entitled to compensation for a serious and permanent disfigurement in the sum of $300.

"It is therefore ordered: That within ten days from this date, respondent Hanna Lumber Company, or its insurance carrier, Columbia Casualty Company, pay to claimant, Clarence A. Penrose, the sum of $300, the amount found due as compensation for permanent and serious disfigurement, resulting from an injury sustained on January 21, 1927.

"It is further ordered: That within 30 days from this date respondent or insurance carrier herein file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

No appeal or proceeding for review was taken or had on either of the above orders, and, on October 3, 1927, there was filed receipt of payment in the sum of $300, and showing a total payment of $396. This receipt was upon Form No. 8, prescribed by the Commission, and was approved by the Commission October 4, 1927. The receipt thus filed was indorsed the following: " (Closed)."

No further record was made in the case until January 2, 1931, at which time claim-

ant filed a motion to reopen the case, in which he alleged:

"Claimant says that at the original hearing the claimant did not know and was not advised by physicians as to the nature and extent of the injury complained of, and did not at the time possess knowledge of sufficient facts to properly present his case, and did not at that time present all the facts concerning the same.

"That he has since discovered that he suffered a permanent total injury as a consequence of said injury, and is now entitled to a total disability rating. That the injury was of such a nature that neither himself, the respondent, insurance carrier, physicians, nor the Commission were able to tell the exact extent thereof at the time of the former hearing, and that the same has since that time become aggravated, accelerated or extended; that the matter would be reopened, and a proper adjustment thereafter made.

"Claimant says that all the injuries aforesaid since said hearing and since said order and since said award have changed their condition in this to wit: That his left eye has been removed, and that his right eye had a chronic continuous sympathetic inflammation, and that such inflammation has almost totally destroyed the sight of his right eye, and that because of said injury and as a result thereof, he has been totally incapacitated and can perform no manual labor of whatsoever kind, character, or nature. Copy of reports of reputable doctors that have treated this claimant are hereto attached and made a part hereof; the report of Dr. J. L. Reynolds is marked Exhibit 'A', and report of Drs. White and White marked Exhibit 'B'.

"Claimant says that said condition and all the results aforesaid have developed since the date of the hearing and the date of the award and his resultant physical condition is a matter of fact that has not heretofore been brought before the consideration of this Honorable Commission and that, therefore, no proper award has been made to him for his injuries."

The cause was set on the motion to reopen for hearing on April 9, 1931. Thereupon the insurance carrier demurred to the motion to reopen upon the ground that the facts stated therein were not sufficient to constitute a right to reopen the case under the Workmen's Compensation Law, and objected to the introduction of any evidence upon the ground that claimant had been fully compensated for the injuries claimed, and there having been no other or further injuries claimed or shown, there could be no further award. Upon this demurrer and objection the following ruling was made:

"By the Court: The motion will be overruled. The claimant will be required to show a change of condition since the last hearing."

Hearing proceeded, at which claimant testified, in substance, that shortly after the original hearing his right eye became affected and continued to grow worse, and that at the time of the last hearing he was unable to work because of the condition of the eye. That he had worked only about six months all told since the date of the original hearing.

Dr. Peter Cope White testified for claimant, in substance, that he had treated claimant regularly from about May, 1927, to August, 1927, and intermittently from that time to the date of the last hearing. That in August, 1927, claimant had impairment of vision of right eye of about 8.5 per cent.; that since that date loss of vision in the right eye had increased from three to five per cent.; that at the date of the last hearing, loss of vision in the right eye was from 11.5 per cent. to 13.5 per cent. At one time Dr. White testified:

"He has sympathetic irritation. It is not sympathetic pathology, but rather vocational pathology, but is likely to result in sympathetic ophthalmia for the trouble is there and could be raised."

At other times Dr. White referred to the condition of the right eye as due to sympathetic irritation.

The Commission made and entered its finding and award as follows:

"* * * And the Commission after examining all the records on file, reviewing the testimony taken at said hearing, and being otherwise well and sufficiently advised in the premises makes the following findings of fact:

" '1. That on the 21st day of January, 1927, the claimant was in the employment of said respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date said claimant sustained an accidental injury arising out of and in the course of his employment, by receiving an injury arising out of and in the course of his employment, by receiving an injury to both eyes.

" '2. That at the time of said accidental injury, the claimant's average daily wage was $10.

" '3. That heretofore on order of the Industrial Commission, all temporary total compensation, together with compensation by reason of disfigurement, has been ad-

judicated, and the case closed on Commission's Form 8.

" '4. That since settlement was made that there has been a change in the condition of claimant's eyes, and by reason of said accidental injury, the claimant now has 12½ per cent. loss of vision or sight in the right eye, and total loss of the left eye, which has been removed.

"The Commission is of the opinion, by reason of the foregoing facts, that this case should be reopened and that further compensation awarded the claimant, and it is therefore ordered that the case be reopened on a change of condition.

"The Commission is of the further opinion, That under section 7290, paragraph 1, Compiled Oklahoma Statutes 1921, as amended by the Session Laws of 1923, the loss of both eyes constitutes permanent total disability, for which compensation is provided, under the law, for a period of 500 weeks; that under section 7290, subdiv. 3, for percentage loss of use, or sight of an eye, is provided for by that portion of the number of weeks as provided in the schedule for the loss of a member or sight of an eye, which the partial loss of use thereof bears to the total loss of use of such member or sight of an eye. That 100 per cent. loss of vision of the left eye and 12½ per cent. loss of vision of the right eye, would be equivalent, under the law, to 281½ weeks, or 56 per cent. at the rate of $18 per week amounts to $5,062.50. And there is now due the claimant compensation from January 2, 1931, to May 22, 1931, or 20 weeks, at the rate of $18 per week. amounting to $360.

"It is therefore ordered: That within 15 days from this date, the respondent pay to the claimant compensation in the sum of $5,062.50, for the total loss of vision of the left eye and 12½ per cent. partial loss of use of vision of the right eye, of which amount $360 is now due, computed from the reopening of the case, January 2, 1931, to May 22, 1931, being 20 weeks at the rate of $18 per week, and to continue weekly payments of $18 per week, until the full amount of $5,062.50 shall have been paid; and that all temporary total compensation and compensation for disfigurement has heretofore been paid."

From the record it appears clear that the Commission reviewed and took into consideration all the evidence taken at the first hearing, and, though not specifically, in effect, entered a finding that claimant lost the entire vision of the left eye and 12½ per cent. of the vision of the right eye as the result of and due to the accidental injury complained of.

This we think was error. Wise Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. (2d) 411; Ellis & Lewis v. Lane, 152 Okla. 273, 4 P. (2d) 104. At the original hearing the question of loss of vision of the left eye and its cause was in issue. There was ample evidence to support a finding that claimant had lost the sight of the left eye long prior to the accident of January 21, 1927. The State Industrial Commission in effect so found. Temporary total disability from the date of the injury to March 3, 1927, was paid. There was no controversy as to his right to compensation during the time he was in the hospital. The insurance carrier moved for discontinuance of payment and the first hearing was on that motion. The State Industrial Commission sustained the motion and allowed no compensation for loss of vision in the left eye, and also in effect found and held that at the time of the hearing the right eye was not affected as a result of the injury. From that finding and order the claimant did not appeal.

The Commission afterward allowed compensation in the sum of $300 for disfigurement on account of the removal of the left eyeball. From that order claimant did not appeal. The effect and result was to find that claimant had lost no part of the vision of either eye as a result of the accidental injury, but was entitled to compensation for disfigurement. These orders became final and conclusive on all concerned on October 19, 1927. The cause could not thereafter be reopened except upon the ground of change of condition. The claimant and the Commission recognized this rule, as claimant presented his case upon the ground of change of condition, and the Industrial Commission expressly held that it would be necessary for claimant to show a change of condition. The only attempt to show a change of condition was to the right eye in that it had become affected through sympathetic irritation. Claimant in his motion set up that all the facts were not shown at the original hearing, and in effect sought a rehearing as to the loss of vision of the left eye. No new evidence was introduced on that point. All the Commission did, so far as the condition of the left eye was concerned, was to re-examine the evidence adduced at the first hearing and upon review thereof reverse or set aside the finding and order of the Commission made upon the first hearing and award compensation for total loss of the left eye, and in addition found a change of condition as to the right eye amounting to loss of vision thereof to the extent of 12½ per cent. The compensation awarded was on the basis of 56 per

cent. loss of vision of both eyes. The Commission was without authority of law to review and set aside the former decision with reference to the extent of loss of vision of either eye. The former decision fixed the status of claimant's condition as having lost the vision of the left eye prior to the accidental injury involved and no loss of vision at that time of the right eye. Therefore, all that was before the Commission in the latter hearing was the question of whether or not there had been a change of condition since the former hearing, and if so, the extent thereof, and whether or not the same was attributable to the accidental injury. There was and could be no evidence tending to show a change of condition as to further loss of sight of the left eye. There was evidence as to change of condition as to the right eye. The testimony of the expert witnesses tends to show the loss of vision of the right eye up to 13½ per cent. It has frequently been held by this court that medical or expert evidence is the only competent evidence to prove the extent of loss of vision in such case. If the evidence of the expert is to be taken as the only competent evidence as to the extent of loss of vision, then the most that could be awarded in this proceeding would be for 13½ per cent. loss of vision in the right eye. Under the finding of the Commission the extent of loss of vision of the right eye was 12½ per cent. This is a finding of fact binding upon all if there be competent evidence reasonably tending to support the same.

In Nease v. Hughes Stone Co., 114 Okla. 170, 244 P. 778, it was held:

"Under section 7290, subdivisions 1 and 6, C. O. S. 1921, where an employee who had previously lost the sight of his left eye, received an injury in the course of his employment destroying his right eye, thereby leaving him permanently and totally disabled, held, that he is entitled to compensation for permanent 'total disability'."

Under the holding in that case, had the accidental injury and the change of condition resulting therefrom been the total loss of vision of claimant's right eye, he would have been entitled to compensation for 500 weeks, regardless of the fact that he had lost the vision of the left eye prior to the time of his injury. It follows that, under the finding of the Commission claimant had lost 12½ per cent. of the vision of the right eye, and he would be entitled to compensation not to exceed 12½ per cent. of 500 weeks.

The award of the State Industrial Commission is reversed and the cause remanded, with directions to make an award in accordance with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

KORNEGAY, J., dissents.