## SKELLY OIL CO. v. GOODWIN et al.

No. 22984. Opinion Filed June 21, 1932.

Rehearing Denied July 27, 1932.

W. P. Z. German, Alvin F. Molony, Robert M. Turpin, and Geo. W. Cunningham, for petitioner.

Leo J. Williams and M. J. Parmenter, for respondent C. H. Goodwin.

CULLISON, J. This is an original proceeding before this court to review an order and award of the State Industrial Commission entered September 23, 1931, in favor of C. H. Goodwin, claimant herein.

The record discloses that claimant sustained an injury to his right hip and back while in the employ of Skelly Oil Company, on May 26, 1926. On July 16th thereafter, a stipulation and receipt was executed whereby the claimant was paid $108 by his employer as compensation for his temporary total disability. Said stipulation recited that claimant had been, "pronounced able to return to work" and the same was approved by an order and award of the Commission on August 5, 1926.

Upon motion of the Commission to determine extent of disability, two hearings were had in this cause, and pursuant thereto the Commission entered its order of May 4, 1927, the concluding portion of which reads as follows.

"The Commission further finds: That the testimony taken at hearing held on 24th day of February, 1927, and subsequent hearing on April 23, 1927, is insufficient to show a change in condition that claimant is suffering any disability by reason of his said injury aforesaid or that he is entitled to further compensation.

"The Commission is of the opinion: That further compensation should be denied.

"It is therefore ordered: That further compensation be and the same is hereby denied."

Thereafter claimant filed a motion to reopen the case, wherein he alleged that he was then permanently disabled from performing ordinary manual labor since April 6, 1929, and that if he was so permitted, could show by competent medical testimony that the disability he now has is a direct result of the injury sustained while employed by the Skelly Oil Company on May 26, 1926.

A hearing was had August 31, 1931, at the conclusion of which the Commission entered its award on September 23, 1931, which is made the subject of this proceeding to review, and which reads, in its material portions, as follows:

"(2) * * * That heretofore, and on the 6th day of August, 1926, the Commission made an order awarding the claimant compensation at the rate of $18 per week, being computed from the 11th day of June, 1926, to the termination of the six weeks' period, claimant having been paid a total sum of $108 and all medical bills to be paid by the respondent, this payment to be approved and credited in satisfaction of this award.

"(4) That the claimant filed his motion to reopen the case on a changed condition and a hearing was held on the 4th day of

May, 1927, and the motion to reopen was denied on the grounds that the claimant did not at that time show a change in his condition.

"(5) That as a result of said injury the claimant's wage-earning power thereafter has decreased from $5.50 to $2.50.

"(6) That by reason of claimant's permanent partial disability as aforesaid; the claimant is entitled to sixty-six and two-thirds per centum of the difference between his average weekly wage and his wage during the period thereafter in the same employment payable during the continuance of such partial disability not to exceed 300 weeks.

"(7) Upon the consideration of the above facts and subsequent proof that the claimant has suffered a change in his condition, and that it was so shown in the hearing had upon the motion of the claimant filed by him with this Commission on the 28th day of May, 1930, on the 31st day of August, 1931, the date of said hearing;

"Upon the consideration of the above stated facts: The Commission is of the opinion that this cause should be reopened, for the purpose of awarding further compensation, and it is so ordered.

"The Commission is further of the opinion: That in consideration of the foregoing facts, that the claimant is entitled to compensation at the rate of $11.54 per week, computed from the 28th day of May, 1930, to September 18, 1931, being 68 weeks and 3 days or $790.42, now due the claimant, and continued thereafter weekly at the rate of $11.54 per week for a period not to exceed 300 weeks or until otherwise ordered by the Commission.

"It is therefore ordered: That within 15 days from this date the respondent pay to the claimant herein, the sum of $790.42, sum now due, and to continue thereafter weekly at the rate of $11.54 per week for a period not to exceed 300 weeks, or until otherwise ordered by the Commission."

Petitioner chooses to discuss its several assignments of error under three propositions of law, the first and second of which are directed at the sufficiency of the evidence and are stated as follows:

First Proposition.

"The evidence introduced at the second trial of this case in support of claimant's contention that his condition had changed, was not sufficient to justify the Commission in making the award appealed from herein, but, on the other hand, the uncontradicted and uncontroverted evidence shows affirmatively that claimant's condition had not changed."

Second Proposition.

"There was not any competent evidence introduced at the second trial of this case to the effect that claimant's condition is due to the injury complained of."

An inspection of the record shows a conflict in the testimony adduced at the hearing held on August 31, 1931, upon which the award in question is based. The claimant testified as follows:

"Q. Mr. Goodwin, how long has it been since you worked at any compensable labor? * * * Q. When did you leave their employment? A. On April 6, 1929. Q. For what reason? A. Got to where I couldn't go. Q. Why couldn't you do it? A. The same old injury got me down. Q. What kind of an injury did you get while working for the Skelly Oil Company? A. Well, I was holding a two by six against my right hip, and the fly wheel of the tractor hit the two by six and it was resting on my hip. Q. Which one? A. Right hip. Q. Was your back hurt? A. Yes, and my right hip. Q. Is that when you—is that where you have been having your trouble? A. Yes, sir. * * * Q. Have you been able to work since April, 1929? A. No, sir. Q. Have you noticed a change in your condition in the last two or three years? A. It has been getting worse along all the time. * * * Q. That trouble that you are having now, is because of that same old injury, is it, Mr. Goodwin? A. Yes, sir. * * * Q. I believe you stated that your condition had been getting worse? A. Yes, sir, it has all the time. * * * Q. (By the Court): Mr. Goodwin, you say that you believe your condition is worse than it was in 1926? A. Yes, sir, it is worse. * * * Q. Now, in your own mind, do you think your condition has gotten worse since April 23, 1927? A. Yes, sir."

Dr. C. D. Moore, after stating his findings from an examination of the claimant, testified as follows:

"* * * Q. Doctor, what is your opinion as to whether or not the injury you have the history of is not the cause of this disability you found? Is his condition the result of that injury? (Objection and ruling) A. Seems to me that an injury such as he described, could have produced the injury to his back such as he has now. Q. What is your diagnosis? A. Sacro-ilica strain. Right. * * * Q. Doctor, if it is shown by an X-ray that the claimant has osteo-arthritis, would that be caused—could that be caused by the injury he received? (Objection.) * * * A. The injury such as has been described could have produced or aggravated osteo-arthritis in the back. Q. If a disease known as osteo-arthritis, if it was present at the time of the accident, it could have been aggravated by an injury such as this claimant sustained? A. Yes. Q. What is your opinion as to his ability to do manual labor, doctor? A. I do not believe he is able to

any length of time. * * * Q. (By the Court): What as to any further treatment, doctor? A. At this time? Q. Yes. A. I don't think any further treatment would do any good unless he would wear a support around his back. Q. That would relieve him temporarily? A. Yes, it would make his pain less. Q. (By Mr Williams): You say that the claimant is not able to do manual labor? A. No. * * * Q. Doctor, did the claimant give you a history of rheumatism prior to the date of the injury May 26, 1926? A. No. Q. Did he give—did he tell you that he had been taking treatment for that injury? A. No. Q. Did—If you had that information, would you have changed your opinion? A. Not as to my opinion of his present disability. * * * Q. Doctor, if along about April 8, 1929, this claimant's condition got so that he had to discontinue work and go on crutches, would that indicate that he had suffered a change of condition? A. Yes, sir."

Dr. E. Margo's testimony, on the other hand, substantiated petitioner's theory of the case, and was, in substance, as follows:

"* * * Q. Doctor, in your opinion, has this man's condition improved since you first examined him in 1926? A. He has improved. * * * Q. What is your opinion, as to what produced that condition? A. I think it is due to infection, and a result of osteoarthritis. * * *"

Dr. Margo further testified that osteoarthritis might be aggravated by trauma, and that such a condition could be either permanent or temporary, and that the claimant's record did show that he was suffering from osteo-arthritis (commonly known as "rheumatism") before the injury.

We have carefully examined the record in the case at bar, and are unable to agree with petitioner's first and second contentions. It might be, and probably is, true that, from the weight of the evidence, if we were permitted to weigh it, claimant's condition is due to rheumatism and not to the distant injury complained of. But where the evidence is in conflict, the finding of the State Industrial Commission as to the facts is final and binding upon us.

Petitioner contends, lastly:

### Third Proposition.

"In making its original awards, the Commission found that the osteo-arthritis from which claimant was suffering at the time of the second trial was not caused by the injury sustained by him on May 26, 1926, and this finding of fact has become final and binding upon claimant and the Commission and cannot be again litigated."

The finding by the Commission referred to has been quoted, supra. The contention of petitioners cannot prevail over the established holdings of this court that the Commission has continuing jurisdiction over its orders and awards and may review and modify or change any previous award or decision upon a showing that there has been a change of condition due to the original injury. Roxana Petroleum Corp. v. Hornberger, 150 Okla. 257 (2d case), 1 P. (2d) 393.

The evidence on these issues was conflicting, and in such cases the finding of fact by the Commission, and the award based thereon, will not be disturbed by this court on review. Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 P. 633.

The award is affirmed.

HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.