## GULF PIPE LINE CO. v. KEENER et al.

No. 23886. Opinion Filed Nov. 29, 1932.

Rehearing Denied March 28, 1933.

James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, and C. L. Billings, for petitioner.

Jas. M. Shackelford, for respondent J. L. Keener.

Harry Stephenson, Ben B. Williamson, and Logan Stephenson, on the brief.

CULLISON, J. This is an original proceeding in this court to review an order and award made by the State Industrial Commission on June 23, 1932, in favor of J. L. Keener, claimant herein.

The record shows that, on January 12, 1927, the claimant suffered an accidental injury by being struck on the head with a two-inch pipe while employed by the petitioner herein. That, on January 19, 1927, claimant filed his claim for compensation with the State Industrial Commission. Hearings were had thereon, and on April 5, 1928, the Commission entered its order finding that by reason of the aforesaid injury claimant had been temporarily totally disabled from January 12, 1927, to June 28, 1927, and that claimant had received compensation for that period of disability. The order further found that the evidence fails to show that claimant suffered any disability subsequent to that date which is attributable to the injury, and sustained the motion of respondent, petitioner herein, to discontinue compensation as of June 28, 1927, and closed the case.

Claimant was denied a rehearing by the Commission on April 20, 1928, but did not appeal from either of the two orders of the Commission.

Thereafter, on July 22, 1931, claimant filed his motion to reopen the case, said motion being later amended, alleging a change in conditions. A hearing was had on the motion to reopen the case at Okemah, Okla., October 12, 1931. Other hearings were had thereon, and on June 23, 1932, the Commission entered its order in said cause, which is made the subject of these proceedings to review.

Petitioners urge the following propositions in support of their contention:

(1) "The orders of April 5, 1928, and April 20, 1928, constituted a final adjudication that the disabilities complained of were not due to the accidental injury of January 12, 1927."

(2) "There is a total absence of competent evidence to show a change of conditions since the orders entered in April, 1928."

(3) "The right of the employee to compensation is barred for failure to file a claim for compensation within one year after the

alleged injury, or within one year after the last payment of compensation."

As to the first proposition, supra, the failure of the claimant to appeal from the orders of the Commission of April 5 and 20, 1928, within 30 days, as provided by section 7297, C. O. S. 1921. [O. S. 1931, sec. 13363] as amended, caused the orders to become final, and thereafter the Commission was without power to vacate, modify, or change the award except upon ground of a change in condition. Bedford-Carthage Stone Co. v. State Industrial Commission, 119 Okla. 231, 249 P. 706.

The order of April 5, 1928, contains a positive finding that claimant had been temporarily totally disabled. This is followed by the negative finding that the testimony failed to show that the claimant suffered any disability subsequent to June 28, 1927, which was attributable to the injury. The Commission then upheld the motion to discontinue the compensation and closed the case. The order of April 20, 1928, denied claimant a rehearing.

The question for determination is whether or not the record contains competent evidence reasonably tending to show a change of condition in the claimant for the worse, occurring since the last award, and due to the original injury.

The record discloses that claimant testified affirmatively to a change in his condition since the last hearing had before the Commission, and that the change had been gradual and getting worse from a date six or eight months after the last hearing. He further testified that his disability was due to his original injury, and that he never had any other injury and had not had one since.

Dr. C. M. Cochran, whose written statement supported the claimant's motion to reopen the case on ground of change in conditions, testified that claimant is permanently disabled and not able to perform manual labor of any kind now, and never will be, in his opinion; and that he attributed the condition to the injury. Dr. Cochran testified that claimant has had a change in his condition between the latter part of 1928, and three or four months prior to the hearing in October, 1931, for the worse. The doctor testified in this respect that claimant is not the same man, that the first time he saw him he was a strong, husky fellow, and that now one would scarcely recognize him as the same man.

The record contains a mass of additional testimony to the same effect, including that of ministers of the gospel, relatives, and others intimately acquainted with claimant, as well as cumulative testimony of other doctors.

Upon the foregoing testimony the Industrial Commission found (1) that claimant had been injured in a hazardous employment; (2) fixed his wages; (3) that claimant had received compensation for temporary total disability, and that said temporary total disability ended as of June 28, 1927; (4) that claimant filed his motion to reopen his cause on a change of condition on July 29, 1931, and that claimant had sustained a change of condition, being now permanently partially disabled from the performance of manual labor; and (5) awarded claimant compensation at the rate of $11.54 per week for a period not to exceed 300 weeks, from July 29, 1931, subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon application of any party in interest.

In view of this state of the record, we conclude that upon the showing made as to claimant's change in conditions for the worse since the last award and due to the original injury, the jurisdiction of the Commission to review its award attached, and that the Commission committed no reversible error, in view of section 7296, C. O. S. 1921 [O. S. 1931, sec. 13362], providing for review of awards upon ground of change in conditions.

Under petitioner's third contention, it is contended that this claim is barred by the one-year statute of limitations, section 7301, C. O. S. 1921. The section referred to provides that the right to claim compensation under the Workmen's Compensation Law shall be forever barred unless, within one year after the injury, a claim for compensation thereunder shall be filed with the Commission.

The record discloses that claimant's injury was sustained January 12, 1927, and that claimant filed with the Commission on January 19, 1927, his first notice of injury and claim for compensation. The claimant had until the 12th day of January, 1928, to start a proceeding for compensation before the statute referred to would be a bar to his claim, but in the case at bar claimant filed his claim with the Commission within seven days after his injury, and on that same date petitioner made its initial payment of compensation to claimant.

After a careful consideration of the case at bar, we are of the opinion and hold that the award of the Industrial Commission should be affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.