## COLEMAN v. CITY OF NEWKIRK et al.

No. 28582. March 7, 1939.

T. J. Sargent and Irving D. Ross, for petitioner.

George Russell, Rolland O. Wilson, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The petitioner, Joe E. Coleman, was employed as a laborer in the water department of the city of Newkirk. It is admitted that the employment was hazardous within the meaning of the Workmen's Compensation Act. On September 4, 1936, he filed a claim alleging that on August 10, 1936, he sustained an accidental injury when he bruised his thumb while cleaning out a cesspool. On the 12th day of April, 1938, the State Industrial Commission entered an award for six weeks' total temporary disability and 5 per cent. permanent partial loss of the thumb and ordered payment of $72.

Petitioner seeks to review the award and complains of the amount thereof, alleging that he is entitled to 76 weeks' total tem-

porary disability in addition to the award for the permanent partial disability to the thumb, and requests the court to remand the cause to the State Industrial Commission for proceedings not inconsistent with his contentions.

The evidence discloses that petitioner injured his thumb on the 10th day of August, 1936, while working with the cable attached to a car that was used in cleaning out a cesspool. After the injury he went to Dr. Kennedy, who treated the thumb three times. He then went to Dr. Gowery about the 27th day of August, 1936, who subsequently gave him all the medical care that was given up to and including the time of the filing of his claim and the hearing thereon. The evidence is in conflict. About 30 days after August 27, 1936, petitioner suffered an attack of influenza. This developed into pneumonia. Medical expert witnesses for the petitioner testified that he was disabled as a result of the injury to his thumb during all of the remaining 76 weeks. Medical expert witnesses for the respondent testified that any disability other than the six weeks allowed by the State Industrial Commission was the result of disease separate and apart from the injury to the thumb. The State Industrial Commission heard all the evidence and resolved the question of fact in favor of the respondent. The findings of fact by the State Industrial Commission are conclusive upon this court and will not be reviewed where there is any competent evidence reasonably tending to support the same. Hollis v. Mid-Continental Pet. Corp., 174 Okla. 544, 51 P.2d 498; Turner v. State Industrial Commission, 174 Okla. 486, 50 P.2d 668; Gulf Pipe Line Co. v. Keener, 162 Okla. 281, 20 P.2d 170; Century Indemnity Co. v. Chamberlain, 152 Okla. 158, 4 P.2d 79. It is a settled rule that where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof the question is one of science and must necessarily be determined by the testimony of skilled and professional persons. Hollis v. Mid-Continent Pet. Corp., supra; J. J. Harrison Const. Co. v. Mitchell, 170 Okla. 364, 40 P.2d 643; St. Louis Mining and Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Fain Milling Co. v. Deatherage, 179 Okla. 409, 65 P.2d 1212. In Standard Roofing and Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847, the court said:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

The award is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, HURST, and DANNER, JJ., concur.