## MID-CONTINENT PETROLEUM CORP. v. ABSHIRE et al.

No. 33127.   Feb. 3, 1948.

Rehearing Denied March 9, 1948.

*190 P. 2d 790.*

R. H. Wills and Oscar E. Swan, Jr., both of Tulsa, for petitioner.

Donald F. McMahon, of Tulsa, for respondent George Abshire.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

LUTTRELL, J.   This is an original petition filed by Mid-Continent Petroleum Corporation to review an award made by the State Industrial Commission on May 3, 1947, to George A. Abshire.

There is no controversy over the facts.   On April 24, 1934, Abshire received a serious head injury while employed by petitioner, being struck by a falling timber while standing on the floor of an oil well derrick.   Notices of the injury were given and Abshire received treatment from a physician employed by petitioner.   In this physician's report to the commission he stated that he did not believe that the injury to Abshire's head would result in permanent disability.   Claimant was paid temporary disability from the date of the injury to July 2, 1934, when he returned to work.

Thereafter, on November 2, 1934, a hearing was had before the commission to determine the extent of claimant's disability.   At this hearing claimant appeared in person, but was not represented by an attorney, and produced no evidence as to any disability. Petitioner appeared by attorney and produced as a witness the physician who had treated claimant, the attorney for petitioner stating that there was no controversy between the claimant and petitioner, and that the sole purpose of the hearing was that the commission might be advised of claimant's condition, and make an order or an award to him for whatever in its opinion he was entitled to.   At this hearing the physician above referred to testified that claimant had recovered from his injury so far as the damage to the brain itself was concerned; that it was his "impression" that claimant was physically able to do any ordinary work, although he could not carry on the heavy work he had been doing prior to the injury, and that he should be allowed to return to work and gradually work back to the work he was doing before he was injured.   In answer to the question, "Doctor, has this man sustained any permanent disability to perform ordinary manual labor or work that he was doing at the time he was hurt as a result of this injury?" he answered,

"It is my impression that he has not." In his testimony the doctor called attention to the serious and permanent scarring or disfigurement of claimant's face and head due to the injury. The commission, without making any finding whatever as to whether claimant was permanently disabled to any extent, made an award for permanent disfigurement to the forehead.

On January 14, 1947, claimant filed a motion to determine permanent disability, alleging that he had never made any settlement for permanent disability; that he was totally permanently disabled, and that the commission had determined only his claim for disfigurement. Over the objection of petitioner that the commission had no jurisdiction to now make an award to claimant, the commission made an award for partial permanent disability. This is the award petitioner seeks to review.

Petitioner contended before the commission, and here contends, that claimant's motion to determine his permanent disability is in reality an application for additional compensation because of change of condition, and that same could not be maintained, or any valid award made thereon, for the reason that more than 500 weeks had elapsed prior to the filing of the said application, and that such application was barred by the provisions of 85 O.S. 1941 §43. It contends that by 85 O.S. 1941 §29, an award made by the commission is final and conclusive upon all questions within its jurisdiction between the parties, and can be reviewed only upon a showing of a change in condition. In support of this contention it relies principally upon Hanna Lumber Co. v. Penrose, 154 Okla. 210, 7 P. 2d 164. It also cites Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. 2d 1082; Bedford-Carthage Stone Co. v. State Industrial Commission, 119 Okla. 231, 249 P. 706, and numerous other cases holding that once an award has become final, the power of the commission to review it may be exercised only when a change of condition is shown.

A careful analysis of these authorities shows that they are not applicable to the situation herein involved.

For example, in Hanna Lumber Co. v. Penrose, supra, the case principally relied upon by petitioner, the claimant actively contended at the first hearing that he had sustained a permanent partial loss of vision in each of his eyes as the result of an injury, although he admitted that he had lost, to a considerable degree, the vision of his left eye prior to the injury. Other evidence, including the testimony of medical experts, was that the then injury to the right eye was but temporary, and that the vision of the left eye had been entirely lost prior to the injury. The commission made no specific finding as to any permanent partial loss of vision in either eye, sustained a motion of the employer to discontinue compensation, and continued until a later date the consideration of the amount due claimant for disfigurement. At a later date it made an award for disfigurement.

We held in that case that the failure of the commission to make any finding of loss of vision was, in effect, under the circumstances, equivalent to a finding that claimant had lost no part of the vision of either eye as the result of the accidental injury, but was entitled to compensation for disfigurement only, and that the failure of claimant to appeal made the commission's order final and conclusive. We further held that the commission properly reopened the case at a later date upon a motion to review for change of condition, and sustained an award for partial permanent disability by reason of loss of vision in the right eye, but vacated an award attempting to compensate for loss of vision to the left eye.

The distinction between the fact situation in that case and in the instant case is obvious. In the instant case there was no contention, so far as the record shows, that the injury to claimant had resulted in permanent partial disability, and from the evidence taken before the

commission at that time, it is obvious that the commission had nothing before it upon which it could base a determination as to whether claimant was to any extent permanently disabled. In such case the absence of any finding by the commission was not, in effect, a finding that claimant had sustained no permanent disability.

A case more nearly in point with the situation involved in the instant case is Gardner Petroleum Co. v. Poe, 166 Okla. 169, 26 P. 2d 743. In that case the claimant was injured in 1924, and the commission, at a hearing, found the injury was temporary only; that claimant had sustained no loss of vision as a result of the accident; that he had been paid compensation to August 9, 1924, and was not entitled to further compensation. On January 24, 1932, he filed a motion to reopen the case on the ground of a change of condition, and at a hearing had thereon was awarded compensation for total permanent disability. The employer contended the order of the commission finding that he suffered no loss of vision as a result of the injury had become final, and precluded the claimant from reopening the case on the ground of change of condition. In disposing of this contention we said:

"In fact, it was not necessary to show a change of condition for an award of permanent partial disability or permanent total disability attributable to the original injury. We have announced this proposition many times. It does (not) seem to be disputed that on August 9, 1924, the vision of respondent was practically normal. Dr. Braswell reported that his vision was 20-20 in right eye and 20-20 minus 2 in the left eye, which is considered nearly perfect vision. Under this testimony the commission was justified in finding on August 9, 1925, (1924) that the temporary total disability had ceased, but it had no authority to speculate by attempting to find permanent partial or permanent total disability might not thereafter result by reason of the original injury."

We have many times held that where an award for temporary total disability has been made which was paid and the case closed, such an order did not preclude the claimant from thereafter having permanent partial disability determined, although the time within which an application for review on the ground of a change of condition could be filed had elapsed. See Pure Oil Co. v. State Industrial Commission, 181 Okla. 176, 72 P. 2d 779, and authorities therein cited. Also, Pauly Jail Building Co. v. Akin, 184 Okla. 249, 86 P. 2d 796.

The authorities above cited indicate that this court has consistently adhered to the view that where a workman was injured while in the employ of another, he was entitled to have the nature and extent of such injury considered and determined, and that if he sustained an injury, the fact that both he and his employer, and the commission, assumed that no permanent disability would be suffered as a result thereof, did not preclude him from obtaining relief if it later developed that permanent disability had resulted from the injury sustained. Obviously, an award for disfigurement does not necessarily connote either permanent disability or lack of permanent disability. Cameo-Blackstone Coal Co. v. Hardy, 126 Okla. 287, 277 P. 937.

In Edwards Investment Co. v. Crook, 198 Okla. 489, 180 P. 2d 189, we said:

"It is first argued, in effect, that because the respondent had stated in his first notice of injury and claim for compensation that he was injured and had sustained a temporary disability, his injury consisting of bruises to his back and neck, he cannot thereafter without a further notice obtain permanent disability. No issue of notice was presented before the Industrial Commission. Such a position is untenable. After a claim is filed with the State Industrial Commission the jurisdiction is fixed and there is no time limit set upon the right to enter an award thereafter for permanent disability. The State Industrial Commis-

sion has continuing jurisdiction to enter such award."

Award sustained.

HURST, C.J., and RILEY, CORN, and ARNOLD, JJ., concur. DAVISON, V.C.J., and BAYLESS, WELCH, and GIBSON, JJ., dissent.