WARREN & BRADSHAW DRILLING
CO. et al.

v.

BOYD et al.

No. 36069.

Supreme Court of Oklahoma.

April 27, 1954.

Rehearing Denied May 25, 1954.

Application for Leave to File Second Petition for Rehearing Denied June 8, 1954.

Sanders & McElroy, Tulsa, for petitioners.

Murphy & Booth, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

On July 11, 1951, Robert A. Boyd, respondent herein, filed a claim for compensation under the Workmen's Compensation Law against Warren-Bradshaw Drilling Company, employer, and its insurance carrier, petitioners herein, wherein he states that on June 6, 1951, while in the employ of the drilling company he sustained an accidental injury to his back resulting in some permanent disability to his person. The accident occurred while he was engaged in lifting heavy sacks of mud and strained his back.

At a hearing had on the claim the trial commissioner found that respondent on June 6, 1951, while in the employ of petitioner drilling company and engaged in the course of his employment sustained an accidental personal injury to his back; that he had been paid compensation by his employer for all compensable time lost from work by reason of his injury and further found that he had sustained no permanent disability as a result of the accident but that any disability which he may now have was not caused by the accident but is due solely to arthritis and upon such finding entered an order, in April 1952, denying compensation. The order was sustained on appeal to the Commission en banc.

No appeal was taken from this order and the order is now final.

Thereafter and on December 2, 1952, claimant, respondent herein, filed his appli-

cation to reopen in which he alleged that he has had a change of condition for the worse since the order of April 1952, and is in need of further medical attention and asks that the case be reopened and that he be given further medical attention or in the event temporary total disability has ceased that permanent disability be determined.

On this motion the trial commissioner found that respondent sustained an accidental personal injury as was established by the prior order of the Commission of April 1952, and in his finding No. 3, found:

"Whereupon, the Trial Commissioner finds that claimant sustained a right inguinal hernia, as a result of his accidental personal injury of June 6, 1951, and that claimant is to be furnished an operation for said hernia by the respondent or insurance carrier and to be paid compensation for 14 weeks at $25. per week, or $350.00, same to be paid in a lump sum."

In finding No. 4 the commissioner further found:

"That as a result of said injury, the claimant has sustained a change of condition for the worse, and that the claimant now has 15 per cent permanent partial disability to his body as a whole, as a result of such injury, aside from disability caused by arthritis, for which claimant is entitled to compensation for 75 weeks at $25.00 per week, or $1,875.00, to be paid in a lump sum."

And upon such findings awarded respondent compensation for permanent partial disability in the sum of $1,875 and ordered petitioner and its insurance carrier to furnish respondent an operation for his hernia and awarded him additional compensation in the sum of $350 payable in 14 weeks at $25 per week for temporary total compensation as a result of a hernia and for an operation therefor. The award was modified on appeal to the Commission en banc by the Commission eliminating finding No. 3 and the paragraph of the award relating to compensation and operation for the hernia. In all other respects the findings and award of the Commission were affirmed.

Petitioners bring the case here to review this award and rely for its vacation on the following proposition:

"The State Industrial Commission is without jurisdiction to consider a motion to re-open, where at the previous hearing the Commission found that the existing disability did not result from the accident of June 6, 1951, and where such previous finding was not appealed and allowed to become final."

And in support of this contention rely on Nash v. Douglas Aircraft Co., Inc., 202 Okl. 459, 214 P.2d 919, 920. In that case we held:

"Where, on a hearing before the State Industrial Commission, the Commission finds that the disability complained of by claimant is not due to an accidental injury arising out of and in the course of her employment with claimant's employer, and claimant does not commence an action in the Supreme Court to review such award or decision within 30 days, as provided by 85 O.S.1941 § 29, the decision of the Commission becomes final and conclusive, and the Commission is without jurisdiction to thereafter reopen said cause on the ground of change of condition, under 85 O.S.1941 § 28."

Respondent seeks to distinguish this case from the present case because as he contends, of a difference in the facts. We however fail to see any material difference between the facts in these cases.

In the case cited and relied upon it appears that claimant while in the employ of her employer sustained an accidental personal injury arising out of and in the course of her employment consisting of an injury to her abdomen and back. The abdominal injury was partly cured by an operation for hernia and she was allowed temporary total compensation for such injury. As to her back the Commission found:

"The testimony is sufficient to show that the back condition complained of commencing on or about January 1, 1946, is the result of said injury of

August 5, 1944, and claimant's claim for compensation as a result of said condition to her back is hereby denied."

No appeal was taken from this order. Thereafter claimant in that case filed an application to reopen on the ground of change of condition to her back. The application to reopen was denied by the Commission on the ground that by its prior order it had adjudicated that the disability to the back was not caused by the accidental injury complained of and that such order could not therefore be changed on application to reopen. The order was sustained on appeal to this court.

In the present case the Commission on the original hearing found that the disability sustained by respondent was not caused by the accidental injury complained of but was due entirely to arthritis. At the hearing on the motion to reopen the Commission found as above stated in finding No. 4.

The only evidence from which the Commission could have found in support of the finding in the present hearing that respondent's disability was due in part to the injury complained of and in part to arthritis consists of evidence of Dr. T.

The doctor in his report stated that he first saw and examined respondent on April 7, 1952. He obtained a history of the case from him and from that history and his own examination arrived at the opinion that the respondent was then totally permanently disabled and that 50 per cent of that disability was due to the accidental injury of June 6, 1951.

The doctor was not qualified to and did not testify as to any change of condition but simply testified as to the disability found to exist at the time of his examination and expressed the opinion that 50 per cent of that disability was due to the accidental injury sustained on June 6, 1951.

At the original hearing the medical evidence as to the cause of this disability was conflicting. The physicians testifying in behalf of claimant, respondent herein, testified that he had a pre-existing arthritis condition which was aggravated and brought to life by the injury of June 6, 1951, to produce a disability which did not previously exist and expressed opinions as to the extent of his disability varying from 20 to 25 percent permanent partial disability to his body as a whole. The physicians testifying for petitioners at that hearing testified that the disability sustained by respondent was not caused by the accidental injury complained of but was due entirely to arthritis. The Commission at that hearing resolved this conflict in favor of petitioners and entered an order denying compensation.

The physicians who testified at the original hearing testified to substantially the same state of facts at the present hearing except the physicians who testified in behalf of respondent in addition thereto testified that subsequent to the prior award respondent's condition grew slightly worse and that he is now 35 percent permanently partially disabled. The Commission however was not authorized to enter an award for such additional disability unless it was due to the accidental injury sustained June 6, 1951. The Commission at the original hearing held to the contrary and held that the disability sustained by respondent was not due to such injury but was due solely to arthritis.

If the Commission at the original hearing had credited the testimony of physicians testifying in behalf of respondent rather than those testifying in behalf of petitioners it would have been justified in finding that respondent as the result of his accident occurring on June 6, 1951, sustained a 25 percent permanent partial disability to his body as a whole and might have awarded compensation to him on that basis.

The Commission at the present hearing awarded compensation on the basis of 15 percent permanent partial disability on the theory that his disability was caused in part by the accident and in part by arthritis.

It is apparent from the record that the award of the Commission at the present hearing is not based on change of condition but is based on change of opinion. At the original hearing the opinion of the Commission was that the disability sustained by respondent was not caused by the acci-

dental injury of June 6, 1951, but was due solely to arthritis. At the present hearing the Commission was of the opinion that the disability sustained by him was due in part to the accidental injury and in part to arthritis.

No appeal was taken from the original award but it was' final at the time the present proceeding was commenced. The Commission was therefore without authority to change the award as to the cause of disability on application to reopen on the ground of change of condition. The facts in the present case bring it squarely within the case of Nash v. Douglas Aircraft Co., Inc., supra.

Award vacated.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, O'NEAL and WILLIAMS, JJ., concur.

BLACKBIRD, J., dissents.