Leonard E. PARSONS, Petitioner,

v.

The STATE INDUSTRIAL COURT, McAlester Fuel Company and Liberty Mutual Insurance Company, Respondents.

No. 39433.

Supreme Court of Oklahoma.
May 29, 1962.

Claud Briggs, Oklahoma City, for petitioner.

A. G. Crowe, Oklahoma City, Rhodes, Crowe, Hieronymus & Holloway, Oklahoma City, Mac Q. Williamson, Atty. Gen., of counsel, for respondents.

DAVISON, Justice.

This is an original proceeding brought by Leonard E. Parsons (claimant) to obtain a review of an order of the State Industrial Court in favor of McAlester Fuel Company and its insurance carrier, hereinafter referred to as respondents, denying claimant's claim for compensation. The order was made August 17, 1960, and was affirmed on appeal to the judges en banc. The basis of the order was that the claim was barred by the five year period of limitation provided by 85 O.S.1961 § 43. Respondents also argue the proposition of prior adjudication.

Claimant filed his notice of injury February 28, 1945, alleging an accidental injury January 31, 1945, and seeking compensation for disability to "head, shoulders, back and hips and other injuries." A hearing was held on respondents' motion to discontinue compensation for temporary total disability and an order was entered on April 18, 1945, finding:

"That on the 31st day of January, 1945, the claimant was in the employ of the respondent herein, engaged in a hazardous occupation within the terms and meaning of the Workmen's Compensation Act of the State of Oklahoma, and on said date sustained an accidental personal injury arising out of and in the course of his employment, to-wit: Injury to left side of head and neck and left lower leg."

The order also found that the temporary total disability ceased March 27, 1945, and directed respondents to pay claimant $126 for such disability and to pay the necessary and reasonable medical expense incurred by reason of the accidental injury.

On May 2, 1945, claimant filed a motion requesting a determination of his permanent partial disability sustained as a result of his injury and of all other rights and claims he might have in the matter. A hearing was held on the motion and on June 9, 1945, an order was entered in which

there was recited the order of April 18, 1945, including the recital of injuries "to left side of head and neck and left lower leg." The order further found as follows:

"That the evidence is insufficient to show that claimant sustained any permanent partial disability as a result of said injury."

and denied claimant's claim for permanent partial disability. This order was not appealed from and became final.

On September 7, 1945, claimant filed a motion to reopen and for compensation on change of condition for the worse. A hearing was held November 6, 1945, but no order was ever made determining or making any disposition of the motion to reopen. Thereafter and on June 30, 1954, the present counsel for claimant filed an application to reopen on changed condition for the worse alleging total permanent disability. This application was heard and claimant testified and produced medical testimony that the condition of his neck had become progressively worse. The respondents contended that claimant's claim was barred by the five year limitation set forth in 85 O.S. 1961 § 43. As stated the State Industrial Court sustained this contention and made an order denying claimant's application. Claimant has brought this action to review the correctness of the order.

The five year limitation period relied upon by the State Industrial Court is embodied in Sec. 2, H.B. 612, S.L. 1953, p. 430, effective June 8, 1953, and is a part of 85 O.S. 1961 § 43, and provides:

"When a claim for compensation shall have been filed with the Commissioner as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under this Act and shall be dismissed by the Commission for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. Provided, that any claims heretofore filed and now pending before the Commission shall likewise be barred after the expiration of five (5) years from the effective date of this provision."

In presenting their respective contentions as to the correctness of the Industrial Court's order the parties agree that the applicable portion of the statute is that part following the proviso relative to claims pending on the effective date of the statutory provision. The question is whether claimant is barred for lack of a good faith request within five years after June 8, 1953.

After the hearing on claimant's September 7, 1945, motion to reopen, no disposition or determination was made of the motion. The matter continued to pend awaiting final determination. It was pending on and after June 8, 1953. Claimant then filed a further application to reopen on June 30, 1954. In view of the pendency of the first motion we regard the last application as being in the nature of a supplemental request for determination of disability. Obviously claimant's formal and written supplemental request was made and filed within five years after the effective date of the limitation provision and was sufficient to constitute a good faith request as required by the statute.

The arguments of the parties are sufficient to also raise the question of whether the five year limitation period ran after June 30, 1954, with no intervening good faith request. The record reflects that claimant's counsel wrote letters to the State Industrial Commission (Court) on October 20 and December 10, 1958, requesting a hearing and determination. Claimant also sent a similar letter dated June 18, 1959. The matter was set for hearing on at least one occasion but was not heard for some reason not clearly shown in the record. Hearing was finally held May 17, 1960, and order was entered August 17, 1960.

■ It is our conclusion that under the circumstances the claimant is not barred by the limitation provision set forth in the above quoted portion of the statute.

Respondents further contend the order of June 9, 1945, finding the evidence insufficient to show claimant sustained any permanent partial disability as a result of the injury, was a final determination of claimant's disability and deprived the State Industrial Court of jurisdiction to consider further compensation on a change of condition.

■ We have held that before this court is justified in precluding an injured employee from an award for further disability, on the ground that such disability has been determined, it must clearly appear that the question has been formerly determined. Dunning-James-Patterson v. Rickert, 196 Okl. 237, 164 P.2d 620, 622.

■ The order found that there was present the requisite elements necessary to vest the State Industrial Commission (Court) with jurisdiction and that claimant had sustained an accidental injury to the left side of the head and neck and left lower leg. Necessary to recovery of compensation was a showing of a then existing permanent disability. The order found the evidence insufficient. Claimant now seeks compensation on change of condition since this finding. The fact that the State Industrial Court had previously found claimant then had no permanent disability was conclusive only insofar as it related to the then existing condition and could have no application to future developments. Safeway Stores, Inc. v. Brumley, 191 Okl. 270, 128 P.2d 1006. In fact the Court would be without authority to adjudicate that a present condition could not change as a result of future developments. Knapp v. State Industrial Commission, 195 Okl. 56, 154 P. 2d 964, 966; Gardner Petroleum Co. v. Poe, 166 Okl. 169, 26 P.2d 743; Dunning-James-Patterson v. Rickert, supra; and Indian Territory Illuminating Oil Co. v. State In-

dustrial Comm., 185 Okl. 68, 89 P.2d 933, 935.

This court has further held that a prior finding by the State Industrial Court that there exists no permanent disability as a result of the accident does not limit the jurisdiction of the Court to thereafter inquire into any disability which may be shown as the result of a change in condition. Sparkman v. Cosden Pipe Line Co., 182 Okl. 184, 77 P.2d 21.

In Skelly Oil Co. v. Goodwin, 158 Okl. 288, 13 P.2d 135, we stated:

"Where an order has been made by the commission denying compensation and said order becomes final, the commission acquires jurisdiction to reopen said cause and order compensation paid, upon a showing that there has been a change of condition for the worse due to the original injury since the former order."

See also Patterson Steel Co. v. Bailey, 148 Okl. 153, 298 P.2d 282; Gulf Pipe Line Co. of Oklahoma v. Keener, 162 Okl. 281, 20 P.2d 170; and Magnolia Petroleum Co. v. Nalley, 176 Okl. 491, 56 P.2d 769.

Claimant's application to reopen alleges a change of condition for the worse as to accidental injuries described in the order of June 9, 1945. From our examination of his evidence it appears the claimed change is in the injury to claimant's neck. It is our opinion that the State Industrial Court has jurisdiction to hear and determine the matter.

Respondents cite in support of their last contention the case of Warren & Bradshaw Drilling Co. v. Boyd, Okl., 271 P.2d 324. The decision is not in point. In that case we held that a prior finding not appealed from that the disability was not due to accidental injury arising out of and in the course of employment becomes final and conclusive and deprives the Commission (Court) of jurisdiction to reopen on ground of change of condition. Such a finding is a determination that there was absent a prerequisite to vesting jurisdiction in the State

Industrial Court. In the present case there was no such finding and therefore no lack of jurisdiction.

Order vacated with instructions to proceed in accordance with the views herein expressed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, J., dissents.

HALLEY, Justice (dissenting).

I dissent from the majority opinion and set out my reasons.

In this proceeding claimant seeks relief from an adverse order of the State Industrial Court denying his application for permanent disability attributable to a change of condition for the worse.

In his notice of injury, filed on February 28, 1945, claimant sought compensation for an accidental injury to the "head, shoulders, back, hips and other injuries." After a hearing held on employer's motion to discontinue temporary benefits, the assigned trial commissioner entered an order on April 18, 1945, finding, inter alia, that on January 31, 1945, claimant sustained an accidental injury "to the left side of head and neck and left lower leg," and that he remained temporarily totally disabled from the date of his injury to March 27, 1945.

Thereafter, on May 2, 1945, claimant requested by written motion an early determination of his permanent disability and "all other rights or claims this movant may have herein." The same trial commissioner conducted a full and complete inquiry on the issue raised in this motion and, on June 9, 1945, entered an order which recites the occurrence of the same injuries as those previously enumerated in the temporary order of April 18, 1945, (omitting again claimant's asserted injury to the back, shoulders and hips), and denies the claim for permanent disability. This order was not appealed from and became final.

On September 7, 1945, claimant's counsel filed "a motion to re-open," alleging a change in condition since the last prior order (of June 9, 1945). This motion, which was heard on November 6, 1945, before another trial commissioner, remains undetermined. Nothing further transpired in the cause until June 30, 1954, when present counsel for the claimant filed an instrument designated as an "application to re-open on a changed condition for the worse." The latter application, which came on for hearing in May of 1960, was denied by order of August 17, 1960. At issue is the correctness of this order as a matter of law.

Throughout the proceedings on the application to reopen the trial judge acted without the benefit and knowledge of the last prior order of June 9, 1945, by the terms of which claimant was denied compensation for permanent disability. At the time of the hearing this order was missing from the files or misplaced, and its existence had been entirely overlooked. After the action was brought here, employer's counsel apparently discovered that the record, as deposited, was incomplete and, with leave of this Court, caused it to be supplemented by incorporating in it the "lost" order as well as a stenographic transcription of evidentiary proceedings which culminated therein.

Unaware, as the trial judge doubtless was, of the former order in the case, he seems to have acted on the premise and adopted the view that in the absence of a prior adjudication upon the issue of permanent disability, the "application to reopen on a changed condition" was in fact and in law but a request (or motion) for a determination of permanent disability. The language of the application does lend itself to such construction, for it is stated therein that there had been no disposition of claimant's right to a permanent award. After affording both parties an opportunity to fully present their evidence, the trial judge denied the application on the ground that claimant's right, if any, to a permanent award became barred by the limitation pro-

visions embodied in Section 2 H.B. 612, S.L. 1953, p. 430 (85 O.S.Supp.1953 § 43) for failure to secure a final determination of his claim (for permanent disability) within 5 years from the effective date of this enactment (June 8, 1953); see in this connection, Beatty v. Scott et al., Okl., 362 P. 2d 699.

We should face up to the first task confronting us here under the record, as supplemented, and that is of ascertaining what issues were tendered by the "application to reopen"; that is, *whether the proceeding was for an initial adjudication* of claimant's right to a permanent award, *or the inquiry was confined to a change in condition, if any, occurring since the entry of a prior order or award*. A determination of this question will necessarily depend upon the legal force or effect to be accorded to the trial commissioner's decision of June 9, 1945. The order entered on that date recites in its pertinent part:

"That on April 18, 1945, there was filed herein an Order wherein it was found that on January 31st, 1945, the claimant was in the employ of the respondent herein, engaged in a hazardous occupation, covered by and subject to the provisions of the Workmen's Compensation Law, and on said date claimant sustained an accidental personal injury, to-wit: Injury to left side of head and neck and left lower leg; * * * by the terms of said order it was found that claimant was entitled to the sum of $126.00 for his temporary total disability.

"*That the evidence is insufficient to show that claimant sustained any permanent partial disability as a result of said injury.*

* * * * * *

"IT IS THEREFORE ORDERED, that claimant's claim for permanent partial disability be and the same is hereby denied." (Emphasis supplied.)

As contended by the employer, the "finding, that claimant had sustained no permanent disability, became final," and the case could not subsequently be reopened on an asserted change of condition. Cited in support of this argument is Warren & Bradshaw Drilling Co. et al. v. Boyd et al., Okl., 271 P.2d 324. On the other hand, claimant asserts that the trial tribunal's denial of an award was based solely on insufficiency of evidence to disclose permanent disability at that point of time and does not, therefore, preclude claimant from showing "at a future hearing" that his condition has later "developed into permanent disability." No authorities are cited in support of this construction which is urged as "a matter of simple logic" because "the Workmen's Compensation Law recognizes that the future developments and effects of an injury cannot be determined at any given time following an injury (and) therefore vests the State Industrial Court with continuing jurisdiction to hold hearings from time to time in order to determine whether the condition of an injured claimant has developed into a greater or lesser degree of disability than at first determined."

The order of June 9, 1945, was not brought here for review. Its finality may no longer be impaired. However, the legal force or effect which attaches to this order as a prior adjudication in the cause presents a matter of law and is a proper subject for construction by this Court from an inspection of the entire proceedings. Reinhart & Donovan et al. v. Dean, 160 Okl. 116, 16 P.2d 85. My examination of the record shows these facts:

The interlocutory order of April 18, 1945, found that claimant had sustained an "injury to left side of head and neck and left lower leg," and the order of June 9, 1945, repeated the identical finding. At the hearing which culminated in the order of June 9th, claimant sought compensation for impairments to his spine. The sole controverted issue for adjudication related to the cause of an admittedly permanent condition in the cervical and lumbar spine. Claimant's evidence showed that he had 30 percentum permanent disability as a result thereof. The employer contested liability by medical

evidence showing that the spinal pathology antedated the accident and was not aggravated thereby, but resulted solely from a non-traumatic pre-existing "productive hypertrophic arthritis" and a congenital "sacralization" of the fifth lumbar vertebra (a deformity from birth consisting of a natural fusion of the fifth lumbar vertebra onto the sacrum).

Although the denial of an award appears to rest on "insufficient evidence" to show permanent disability as a result of the accidental injury, and the order does not recite a specific finding on the issue in controversy, the record clearly discloses that claimant did produce ample medical evidence evaluating his condition in terms of unqualified permanency. In this state of the record, I cannot construe this order as only interlocutory in effect and adopt the theory that there was nothing before the trial tribunal upon which it could base a determination of permanent disability "at a given time." Rather, the conclusion is inescapable to me that the order of June 9, 1945, operates in law as a final adjudication that claimant was not entitled to an award because his conditions, though unquestionably and admittedly permanent, had antedated the injury and did not become aggravated by its traumatic impact. See Hanna Lumber Co. v. Penrose, 154 Okl. 210, 7 P.2d 164; Sinclair Prairie Oil Co. v. State Industrial Commission, 178 Okl. 375, 62 P.2d 1027; Texas Co. v. Atkinson, 178 Okl. 480, 62 P.2d 1204; compare Gardner Petroleum Co. v. Poe, 166 Okl. 169, 26 P.2d 743; Mid-Continent Petroleum Corp. v. Abshire et al., 200 Okl. 24, 190 P.2d 790.

I do not consider that the majority opinion's disposition of the legal effect of the order of June 9, 1945, upon the "application to reopen on a changed condition" is sound. The physical impairments asserted by the claimant to have undergone a change in condition were identical to those previously considered and determined as non-compensable by the order of June 9, 1945.

Since claimant allowed that order to become final on his failure to take an appeal to the State Industrial Court en banc, as prescribed by the terms of 85 O.S.1941 § 77, subdiv. 9, or to bring original action in this Court pursuant to the provisions of 85 O.S.1941 § 29, his subsequent "application to reopen" was but an attempt to relitigate issues previously determined.

Although under the provisions of 85 O.S. 1961 § 28, the State Industrial Court may modify an award on a change of physical condition, the power so vested presupposes and necessarily depends upon the existence of a previously adjudicated compensable impairment or pathology which has become more disabling by reason of developments or manifestations occurring since the last prior award. After the trial tribunal has once denied compensation either because there was no accidental injury or upon a finding that permanent disability complained of does not exist as a result of an accidental injury, claimant may not invoke the provisions of 85 O.S.1961 § 28 to, in effect, retender issues concluded by the prior adverse order; and the State Industrial Court is without authority, under its power to exercise continuing jurisdiction, to reopen an inquiry into matters which have been finally determined. This conclusion was reached in Warren & Bradshaw Drilling Company v. Boyd, Okl., 271 P.2d 324, in an almost identical set of facts.

The record, as supplemented, when considered in its entirety, convinces me that the State Industrial Court reached the correct conclusion in declining to reopen the claim for want of jurisdiction, even though immaterial issues were considered and wrong reasons assigned as a basis for the decision. See Board of Commissioners of Oklahoma County v. State Industrial Commission, 177 Okl. 645, 61 P.2d 730; Canode v. Claypool & Wheeler et al., 86 Okl. 262, 207 P. 974.

I dissent.