**BLACK, SIVALLS & BRYSON, Inc., v. SILVEY et al.**

No. 28597.   Dec. 13, 1938.

Rehearing Denied Jan. 17, 1939.

Lloyd Harding and Shirk, Danner & Earnheart, for petitioner.

E. S. Lowther, Henry S. Johnston, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. Respondent states that he sustained an accidental injury on or about January 18, 1936, while employed as a tank builder at St. Louis, in Pottawatomie county; that he contracted a cold which developed into tuberculosis; that he did not discover this until May 6, 1936, at which time he quit working and had a physical examination made.

The State Industrial Commission by an order dated the 18th day of April, 1938, found that on the 18th day of January, 1936, respondent sustained an accidental injury arising out of and in the course of his employment, and that said accidental injury produced a cold which aggravated a prior existing tubercular condition by reason of which the respondent was totally and temporarily disabled, and ordered payment from May 6, 1936, of $1,794, the payments to continue at the rate of $18 per week until further order of the State Industrial Commission; further ordering payment of all the reasonable and necessary medical expenses.

Petitioner first presents the proposition that the State Industrial Commission erred in finding that on or about the 18th day of January, 1936, the respondent sustained an accidental injury arising out of and in the course of his employment. In addition to the foregoing facts, respondent testified that he went to St. Louis in the morning with a crew consisting of five men to work on a tank for the petitioner; that Humphrey was the foreman; that the group of men arrived at St. Louis around 8 o'clock and went over to the location and got out of the truck, but that it was sleeting, raining, and snowing, and that they saw that it was too bad for them to work, whereupon they went to the doghouse and stayed in there about 30 minutes, when they determined it was not going to quit; that thereupon they got back in the truck and went to town; that they returned in the truck in the afternoon and worked until approximately dark; that it was awfully cold and that he was exposed to the sleet, snow, and rain, and that the next day he was chilled and cold because he had gotten cold from his trousers being wet around the knees and below the knees; and that the next 24 hours he went to feeling bad and never did get warm; that he took some aspirin and went to sleep, but kept feeling bad and hurting and aching all over; that the next morning after working he had an awful cold; that he got some "flu tablets" and aspirin to take on the job with him; that he worked until the last of March, 1936, not steady, but the biggest part of the time, but never did feel right; that he kept going to the drug store getting medicine, taking "flu tablets" and aspirin, but that he kept working; that he suffered pain and had some pleurisy after he took down with the cold, and that he had suffered pains in his chest, back, and shoulders; that on the last day of March he took his temperature and that it was 102; that this was the first time he had taken his temperature; that he told the foreman, Humphrey, that he was feeling so bad he could not work and that he wanted off a week or maybe a month; that the first time he knew of his "condition" was the 7th or 8th day of May, 1936, when he went to Dr. Langston in the Medical Arts Building, in Oklahoma City. This is substantially the testimony of the respondent leading up to the time of the examination by Dr. Langston, at which time it was determined that the respondent had tuberculosis. Dr. Langston testified that in the history respondent gave him he stated that he had "weak lungs"; that respondent told witness he had coughed all his life and was easy to take cold; that exertion caused him to cough and a rattling in his throat. Respondent did not detail to the doctor any accidental injury of January 18, 1936. The doctor in a hypothetical question was asked to assume that respondent had contracted a cold as detailed by respondent and whether such cold and subsequent condition would light up a latent or quiescent condition of tuberculosis. No doctor testified that the respondent contracted a cold from the exposure of January 18, 1936; no doctor testified that in his opinion prior to January 18, 1936, the respondent had a latent tubercular condition which was lighted up. Dr. Langston stated that he examined respondent on May 8, 1936; that he found his lungs cavitated, which meant that respondent had had active tuberculosis for several weeks; that if there was a latent or quiescent tubercular

germ, exposure would light up the condition and produce tuberculosis.

We are of the opinion, and hold, that there is no competent evidence that the respondent sustained an accidental injury arising out of and in the course of his employment. Winona Oil Co. v. Smithson, 87 Okla. 226, 209 P. 398; In re Patrick Sullivan (Mass.) 164 N. E. 457, 62 A. L. R. 1458; Wilson & Co. v. McGee, 163 Okla. 99, 21 P.2d 25; Stasmos v. State Industrial Co., 80 Okla. 221, 195 P. 762, 15 A. L. R. 576; United States Gypsum Co. v. McMichael, 146 Okla. 75, 293 P. 773; St. Louis Mining & Smelting Co. v. State Industrial Com., 113 Okla. 179, 241 P. 170; Thomas v. Ford Motor Co., 114 Okla. 3, 242 P. 765. The word "accident" means some unexpected event happening without design and the time of which can be fixed. U. S. Gypsum Co. v. McMichael, supra. In Indian Territory Illuminating Oil Co. v. Sharver, 157 Okla. 117, 11 P.2d 187, we said:

"An 'accident,' as contemplated by the Workmen's Compensation Law, is distinguished from an occupational disease, in that it arises by some definite event, the date of which can be fixed with certainty, but which cannot be so fixed in the case of occupational disease."

Cases are cited from other jurisdictions, among them, Jones v. Philadelphia, etc., 285 Pa. 317, 132 Atl. 123. We have examined those authorities, but they are based upon the wording of the particular statutes. As pointed out in U. S. Gypsum Co. v. McMichael, supra, some of the courts permit an award for an injury, whereas our law authorizes an award only in case of accidental injury. The above authorities go exhaustively into the principles involved, and we do not deem it necessary to discuss the questions which have been so thoroughly gone into in cases similar to U. S. Gypsum Co. v. McMichael, supra, and St. Louis Mining & Smelting Co. v. State Industrial Com., supra.

There is no competent evidence in the record that if the respondent took a cold, it lighted up a prior latent tubercular condition. No medical witness testified that he had a prior latent tubercular condition. We are of the opinion, and hold, that there is no competent evidence to sustain the finding of the State Industrial Commission that the respondent sustained an accidental injury which resulted in any disability.

The award is vacated.

OSBORN, C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.