CARDWELL MFG. CO. et al. v.
THOMAS et al.

No. 30893. March 2, 1943.

*134 P. 2d 562.*

S. N. Bunch, of Oklahoma City, for petitioners.

Tom S. Williams, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the petitioner Cardwell Manufacturing Company, the employer, and its insurance carrier the Fidelity Casualty Company, to review an award made to Lowell Thomas, respondent.

The evidence discloses that respondent was employed in servicing oil well drilling equipment and for that purpose had gone to the Bar-L Ranch east of Ponca City, Okla., and had serviced some of the machinery installed by the petitioner Cardwell Manufacturing

Company and was on his way back to Oklahoma City. He was riding in an automobile on the 12th day of December, 1941, on the road from Ponca City to Oklahoma City; the automobile had a faulty heater and due to cold and exposure, both at the place of his work and the subsequent trip in the cold automobile, the respondent took pneumonia. He was disabled by reason thereof from December 17, 1941, to January 23, 1942. Based on this state of facts the State Industrial Commission awarded him temporary total disability and hospital and medical bills.

Petitioners conceded that respondent was performing services arising out of and in the course of his employment, and the case does not in any sense present the issue that in going to and from work he was not in the course of his employment. The sole issue is that there was no accidental injury within the meaning of the Workmen's Compensation Law. As to whether there is an accidental injury arising out of and in the course of the employment is a question to be determined, on a review of the evidence, by this court. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

We are of the opinion and hold that the award must be vacated under the holding of this court in Black, Sivalls & Bryson v. Silvey, 184 Okla. 176, 86 P. 2d 327, wherein this court held, under a somewhat similar fact situation, that one who caught cold which resulted in pneumonia did not sustain an accidental injury. Respondent picks out certain language used in Black, Sivalls & Bryson v. Silvey, supra, to the effect that no doctor testified that the employee's exposure in that case resulted in pneumonia. If it is necessary we now decide that pneumonia resulting from exposure under the facts as established in this case do not constitute an accidental injury arising out of and in the course of employment. See annotations in 73 A.L.R. 488 et seq., Blue Book Supl.; Sonson v. Arbogast, 60 Idaho 582, 94 P. 2d 672; Olsen v. Erickson, 105 Colo. 489, 99 P. 2d 199. In Sonson v. Arbogast, supra,

it is held that disability resulting from pneumonia was not caused by accident so as to make the same compensable, notwithstanding evidence that sudden changes in temperature incurred in the course of the employee's duties made the disease a natural consequence of the work in the absence of a showing that there was some noticeable mishap, fortuitous incident, or sudden or manifest change in the working conditions.

The facts shown by the record do not justify the finding by the State Industrial Commission that the respondent sustained an accidental injury arising out of and in the course of his employment.

The award is vacated, with directions to dismiss the claim.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, and DAVISON, JJ., concur. HURST, J., dissents. RILEY, OSBORN, and ARNOLD, JJ., absent.