KNAPP v. STATE INDUSTRIAL COMMISSION et al.

No. 31537. Oct. 10, 1944.

Rehearing Denied Jan. 23, 1945.

*154 P. 2d 964.*

Glenn O. Young, of Sapulpa, for petitioner.

Mont R. Powell, of Oklahoma City, T. D. Lyons, of Tulsa, L. B. Moore, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by George Knapp, hereinafter referred to as petitioner, to obtain a review of an order made by trial commissioner and on appeal adopted and affirmed by

the State Industrial Commission which denied a claim to compensation against the State Highway Department and its insurance carrier, hereinafter referred to as respondents.

The facts as disclosed by the record will be briefly stated. On August 9, 1941, petitioner filed with the State Industrial Commission employee's first notice of injury and claim for compensation. In said claim petitioner alleged that he had sustained an accidental personal injury on June 18, 1941, when his foot slipped while he was building a rock wall and which had strained his stomach muscles. Petitioner further alleged that he had been given medical attention for his injury and had returned to work on June 21, 1941, and that he would not likely be disabled for more than five days. The employer and the physician who treated petitioner for his injury filed reports to the same effect, and based upon the claim and the reports so filed the State Industrial Commission on August 19, 1941, made and entered the following findings and order, to wit:

"The Commission having examined the reports in this cause finds: That the claimant sustained an accidental injury arising out of and in the course of his employment with respondent herein on the date above stated as a result thereof was not disabled from work more than five days.

"It is therefore ordered, That respondent or insurance carrier pay such medical expenses incurred by the claimant as a result of said accident, as provided under the Workmen's Compensation Law.

"It is further ordered, that this cause be closed for the reason that no time was lost beyond the five days waiting period."

On April 21, 1942, petitioner filed with the State Industrial Commission a motion wherein he alleged that his injury had resulted in a permanent disability and asked for a hearing thereon and an award of compensation therefor. Pursuant to said motion hearings to determine extent of disability were conducted at Bristow on September 29, 1942, and March 29, 1943, respectively, by Commissioner Wylie Snow, and at Tulsa, on May 5, 1943, by Chairman Vancil K. Greer, and again at Tulsa on June 9, 1943, by Commissioner H. H. Cook. The evidence adduced at said hearings upon the issue for determination, that is, the cause, nature and extent of the alleged disability of petitioner, was in conflict. The competent witnesses appearing for the petitioner being of the opinion that the injury of June 18, 1941, had resulted in as much as 25% permanent partial disability, whereas the testimony of the competent witnesses who appeared for the respondents was to the effect that in their opinion the injury had not resulted in any disability whatsoever. The cause was thereafter referred to Chairman Vancil K. Greer for findings of fact and disposition. On review of all the records and files and evidence in the cause said commissioner made the following findings and order, to wit:

"That the evidence introduced herein is insufficient to show that the claimant sustained a compensable accidental personal injury arising out of or in the course of his employment by the respondent on or about June 18th, 1941, as alleged in his Form Three filed herein, and, therefore, claimant's claim for compensation herein should be denied.

"It is therefore ordered by the commissioner that claimant's claim for compensation herein be and the same is hereby denied."

Appeal was had to the State Industrial Commission sitting en banc and after a full hearing the commission adopted the finding and order of the Chairman Vancil K. Greer. This is the order which we are now called upon to review.

As grounds of error and illegality in said order petitioner submits the following propositions:

"1. By order of the Commission entered August 19, 1941, the Commission found 'that claimant sustained an accidental injury arising out of and in the course of his employment with

58

respondent herein on the date (June 18, 1941) above stated.' This order was never appealed from, vacated or set aside and became final. The attempt of Commissioner Greer to find that 'the evidence introduced herein is insufficient to show that the claimant sustained a compensable accidental personal injury arising out of or in the course of his employment by the respondent on or about June 18, 1941, as alleged * * *', and the finding of the Commission that the order of Chairman Vancil K. Greer was 'a just and proper order,' is contrary to the final order theretofore entered by the Commission itself.

"2. The order herein complained of to the effect that 'the evidence is insufficient to show that claimant sustained a compensable accidental personal injury arising out of or in the course of his employment by the respondent on or about June 18, 1941***,' is directly contrary to:

"A. The pleadings of both employer and employee, including the admissions of the employer (Tr. 2);

"B. The whole of the evidence.

"3. The Commission was without power or authority to conduct hearings and take evidence in this cause in Tulsa, Oklahoma, and to oblige and compel claimant and his attorney to attend numerous hearings there when the accident occurred in Creek County and all witnesses having knowledge of the facts were resident therein; the statute fixes venue in Creek County and none of the conditions authorizing a hearing in Tulsa existed, so that the Trial Commissioner's attempt to help respondent build its case by requiring claimant to submit to hand-picked physicians in Tulsa and attend hearings there was arbitrary and capricious and an abuse of authority.

"4. Commissioner Vancil K. Greer was not the trial commissioner who heard claimant's testimony; neither did he have access to a transcript of said testimony before rendering his decision, the same never having been transcribed; neither was he agreed upon or designated as the Commissioner to determine said cause so that the purported decision of said cause by him was without authority and void and

constitutes denial of due process of law.

"5. Commissioner Wylie Snow, who heard claimant's testimony, has never determined said cause or concluded his hearings nor does the record show him otherwise disqualified nor that a substitute commissioner was agreed upon or appointed; the attempted disposition of this cause by a commissioner who heard only a portion of the testimony is unauthorized and void.

"6. The Commission, not having before it a transcript of the testimony nor the report of Commissioner Wylie Snow and on which Commissioner Snow did not sit, abused its authority and denied claimant due process of law for that it determined no issue arising upon the record but merely the propriety of the order of Commissioner Greer; its order affirmed an order of Commissioner Greer which was diametrically opposed to a previous final order of the Commission itself and of the whole record and reveals that said Commission acted arbitrarily and capricious and without hearing any evidence or reading a transcript of the evidence."

It will not be necessary to discuss all of the propositions submitted. The primary contention of petitioner is that the order of August 19, 1941, by finding that he had sustained a compensable injury thereafter precluded the State Industrial Commission from finding that he had not sustained a compensable disability as the result of said injury. The fallacy in the contention so made is apparent. The order of August 19, 1941, was an adjudication of the then existing condition and was in no sense an adjudication of any subsequent development. In fact, the commission would be without authority to adjudicate that a present condition could not change as a result of future developments. See Sparkman v. Cosden Pipe Line Co., 182 Okla. 184, 77 P. 2d 21. The contention, therefore, that the commission was not at liberty to subsequently find that the injury had not resulted in disability is untenable.

The next contention of petitioner, to the effect that the finding and order of June 14, 1943, adopted and affirmed by the commission on July 10, 1943, is

contrary to the admissions of the parties and the whole of the evidence, is based in a large measure upon the weight to be given to the testimony of the competent witnesses who appeared at the hearings conducted to determine the nature, cause and extent of petitioner's alleged disability. Petitioner directs our attention to McQuiston v. Tyler, 186 Okla. 315, 97 P. 2d 552; R. S. Smith Const. Co. v. Swindell, 185 Okla. 35, 89 P. 2d 947; Troup v. Baker, 184 Okla. 329, 87 P. 2d 158; Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P. 2d 7; Magnolia Pet. Co. v. Nalley, 161 Okla. 198, 17 P. 2d 390; Deep Rock Oil Corp. v. Anthony, 161 Okla. 128, 17 P. 2d 400, as supporting the contention of the petitioner that the finding and order here under review are without competent evidence to support it. We are unable to agree with the contention so made. An examination of the cited cases will reveal that they are authority for the rule that the finding of the State Industrial Commission upon issues of fact as there involved are conclusive where supported by competent evidence and will be vacated as a matter of law where not so supported, but they do not otherwise have any application to the order under review.

The Workmen's Compensation Act provides compensation not for injury but for disability which results from accidential injury. 85 O. S. 1941 § 11; Cardwell Mfg. Co. v. Thomas, 192 Okla. 143, 134 P. 2d 562; Black, Sivalls & Bryson v. Silvey, 184 Okla. 176, 86 P. 2d 327.

The record in the case at bar discloses without contradiction that the petitioner sustained an accidental personal injury on June 18, 1941. The disputed issue was whether such injury had resulted in any disability beyond the five-day waiting period. This involved a determination of a fact concerning which the State Industrial Commission had to base its findings and conclusions upon the testimony of skilled and professional persons who from examination and special knowl-edge were in position to testify to the conditions upon which the commission, as the judge of ultimate facts, had to depend. The testimony of the competent witnesses was in conflict upon the issue which the commission was called upon to determine, and therefore presented an issue of fact for determination. Oklahoma Ry. Co. v. Voss, 187 Okla. 622, 105 P. 2d 218; Keck v. Wilson, 184 Okla. 138, 85 P. 2d 757; LeFlore-Poteau Coal Co. v. Thurston, 184 Okla. 178, 84 P. 2d 284.

The finding and order of the State Industrial Commission on August 19, 1941, was that petitioner had sustained an accidental personal injury in a compensable employment but had not been disabled thereby beyond the five-day waiting period, and therefore at that time was not entitled to compensation other than the medical expenses which had been incurred. The finding of fact and order made by the trial commissioner on June 14, 1943, and adopted and affirmed by the State Industrial Commission on July 10, 1943, was likewise a finding that any disability which petitioner may have had subsequent to the prior order was not attributable to the injury of June 18, 1941, and therefore was not such as would justify an award of compensation. The finding so made was based upon competent evidence relating to the fact which the State Industrial Commission was called upon to determine as an incident to the administration of relief under the provisions of the Workmen's Compensation Act. In such case the finding of fact made by the State Industrial Commission is conclusive if supported by any competent evidence shown in the record. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32; LeFlore-Poteau Coal Co. v. Thurston, supra.

The contention of petitioner relative to the conduct of hearings before different commissioners and at places other than the county in which petitioner resided requires no discussion for the reason that petitioner is not shown to have been prejudiced in any manner

thereby, and for the further reason that it is not necessary that the entire case be heard before a single commissioner or that all commissioners participate in the hearing of each individual case. The petitioner participated in all the hearings conducted and was afforded full opportunity to cross-examine all witnesses and to present his cause upon the entire record and oral argument before the entire commission. A careful examination of the entire record reveals that the finding and order here under review are fully supported by the competent evidence shown therein and the order made was the proper one under the facts found.

Order sustained.

OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.