**Floyd T. BARNETT, Petitioner,**

v.

**INTERSTATE OIL PIPELINE COMPANY and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 36478.**

Supreme Court of Oklahoma.

Aug. 1, 1955.

Claud Briggs, Oklahoma City, Charles E. Grounds, E. Keith Cooper, Seminole, for petitioner.

Martin, Logan, Finney & Moyers, Richard L. Hull, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding by Floyd T. Barnett to review an order of the State Industrial Commission denying compensation on a claim filed by him against respondent, Interstate Oil Pipeline Company.

Petitioner contends that the finding of the Commission that he did not sustain an accidental personal injury arising out of and in the course of his employment is not supported by the evidence and is contrary to law.

The evidence shows that, at the time of his alleged injury, petitioner was working with a pipeline gang and was shoveling dirt from an excavation which had been made to locate and repair a leak in the line. The work had been strenuous and the weather was extremely cold. Petitioner became ill toward the end of the work day and when examined on the following day, he was found to be suffering

from pneumonia. He testified as to what happened as follows:

"I was down in a bell hole digging out the leak on the line, shoveling out dirt, and had been doing that for some time trying to locate a leak on the ⅜" line running under the road and had to dig under the road quite a bit; and after pushing the shovel down hard there was a severe pain in my chest and felt like a steel band around my chest shutting my breath off."

Petitioner then crawled out on the ground and informed the gang pusher how he felt and that he needed medical attention. It was then about 7:30 P. M. and he had no opportunity to leave the job until about 10:30 P. M. when he started home in a company truck, arriving there around midnight. During all of this time petitioner was exposed to the extremely cold weather and upon entering his home he collapsed. The following morning he was seen by Dr. G., who testified in his behalf at the hearing.

It is undisputed now that the petitioner was seized with an attack of pneumonia while he was on the job and from which he suffered for several days following. He has not and probably never will fully recover from the effects of it.

Dr. G., called on behalf of petitioner, testified that petitioner had a chronic lung condition; that his difficulty on the job was due to a recurrence of his bronchial pneumonia; that his present condition is the result of a man having a basic condition, and then being exposed severely and unduly to both weather and work.

■ There is no evidence that the petitioner sustained an accidental injury within the purview of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., and that pneumonia followed as a result of such injury. We find nothing in this case to distinguish it from the case of Cardwell Mfg. Co. v. Thomas, 192 Okl. 143, 134 P.2d 562, 563, wherein the claimant contracted pneumonia as the result of exposure to cold weather while engaged in the duties of his employment and wherein this court said:

"If it is necessary we now decide that pneumonia resulting from exposure under the facts as established in this case do not constitute an accidental injury arising out of and in the course of employment."

■ In the instant case the testimony of the petitioner that he pushed the shovel down hard and felt a severe pain in his chest and experienced difficulty in breathing was not evidence that he sustained an accidental injury. There is no indication from the evidence that such symptoms emanated from an accidental injury within the meaning of the Workmen's Compensation Law.

The order denying compensation is sustained.

JOHNSON, C. J., and CORN, DAVISON, HALLEY and HUNT, JJ., concur.

WILLIAMS, V. C. J., and BLACKBIRD, J., dissent.