Edward J. REED, Petitioner,
v.
The CITY OF TULSA, a municipal corpora-
tion, Own Risk, and the State Indus-
trial Court, Respondents.
No. 40699.

Supreme Court of Oklahoma.

Oct. 6, 1964.

Rehearing Denied Nov. 17, 1964.

McGee & Dowd, by Richard K. McGee,
Tulsa, for petitioner.

Charles E. Norman, City Atty., S. J. Sake-
laris, Waldo Bales, Louis Levy, Paul H.

Johnson, Johy Robert Seelye, Tulsa, Charles R. Nesbitt, Atty. Gen., for respondents.

JOHNSON, Justice.

This is an original proceeding by Edward J. Reed, claimant, to review an order of the State Industrial Court denying his claim for compensation against the City of Tulsa, respondent.

Claimant filed his claim before the State Industrial Court on February 28, 1962, alleging that on October 19, 1961, while employed by respondent and in the course of his employment he sustained an accidental injury consisting of a "heart attack precipitated by exertion and strain of lumbar muscles, ligaments and tendons, neck strain."

The evidence discloses that claimant was employed by respondent on the above day as a fireman; that the fire department was conducting a drill for its men; that around 10:30 a. m. claimant was lifting a 28 foot ladder when he strained himself causing pain in his back, chest and into his left arm; he became sick and had to lie down; he "took it easy" the rest of the day, but about 4:30 a. m. the next day he became ill and had to go to a hospital, where he remained for approximately two weeks. Claimant had suffered a back injury in 1955, and a stomach injury in 1960 that required surgery. He retired April 19, 1962, under the Firemen's Relief and Pension Fund on total disability.

The case was tried, by stipulation of the parties, solely on the question of whether claimant had sustained an accidental injury as alleged, and, if so, did he suffer any permanent disability because of said injury? He had been paid for the time he had lost from his work.

On the 17th day of May, 1963, the trial judge entered an order which is in part as follows:

"That on October 19, 1961, while engaged in his duties as a fireman, the claimant received an accidental personal injury arising out of and in the course of his employment with respondent, consisting of a strain to his back, neck and chest. That claimant's wages were sufficient to fix his compensation rate at $30.00 for temporary and $35.00 for permanent partial. That claimant did not suffer a heart attack, arising out of and in the course of his employment on October 19, 1961, with respondent, that resulted in any disability, either temporary or permanent.

"That claimant did not suffer any permanent partial disability by reason of the strain to his back, neck and chest and did not lose any compensable time for which he would be entitled to temporary total compensation benefits and that claimant is not entitled to medical treatment by reason of the accident of Oct. 19, 1961, and therefore claimant's claim is denied."

The above order was affirmed by the Industrial Court sitting en banc.

Claimant urges three propositions for vacation of the above order:

"1. That respondent arbitrarily and capriciously retired claimant from his job, that this was involuntary retirement predicated upon the provisions of Title 11, Oklahoma Statutes, and in connection therewith employed doctors to make determination of permanent disability of claimant.

"2. That the evidence reflects that the respondent relied upon the evidence of its chosen doctors to determine total disability for the purposes of retirement, but refused to rely upon such evidence and denied the competency of such doctors for the purpose of determining disability under the Workmen's Compensation Law and are estopped to make such denial.

"3. Where the findings of fact and conclusions of law of the State Industrial Court are too uncertain for judicial interpretation, the Supreme Court will, on appeal, vacate the order for further proceedings."

We will consider the contentions of claimant in the order presented.

■ The question of whether respondent arbitrarily and capriciously retired claimant from his job is not in any way a part of the action at bar. 11 O.S.1961 governs the procedure pertaining to the retirement of firemen, and Sec. 381 provides:

"Any person, * * * who deems himself aggrieved by the decision of the Pension Board on his claim for pension, * * * may appeal from such decision to the District Court * * *."

If claimant felt that respondent's action on April 19, 1962, retiring him was arbitrary and capricious, he had his remedy; he should have appealed to the proper court, the District Court. The State Industrial Court has no jurisdiction to entertain the matter, and it therefore is not before this Court.

■ Claimant's second proposal is without merit. He cites no authority, and we know of none, to support his contention that in the instant case when respondent relied upon the testimony of certain doctors to determine total disability of claimant for the purpose of retirement under the Firemen's Pension and Relief Fund it was then estopped to deny the testimony of the same doctors pertaining to the question of disability of claimant under the Workmen's Compensation Law.

First, benefits under the Firemen's Pension and Relief Fund are regulated by 11 O.S.1961 § 361 et seq., and administered by the Board of Trustees of such fund; benefits under the Workmen's Compensation Law are governed by 85 O.S.1961 § 1 et seq., and administered by the State Industrial Court.

Second, the record in this case reveals that the testimony of the two doctors in arriving at their estimate of total disability of claimant for retirement by the Pension Board was predicated upon injuries to claimant other than that involved herein, to-wit:

Dr. A, on April 19, 1962, stated:

"Since that time, and at the present time, he has angina pectoris on any con-siderable amount of physical effort. This is accompanied by shortness of breath and pain in the left shoulder and arm and in most instances a drop in blood pressure. He also complains of pain in the low back. Stooping or lifting is painful. Straight leg bending, lying on the examining table, provokes pain in the lumbar area. He has approximately 50 per cent impairment on stooping. X-rays of the lumbar area were negative for fracture, however, minimal hypertrophic changes were noted. This is probably an aggravation of an old arthritic condition.

"During the course of his hospital confinement x-rays disclosed evidence of a duodenal ulcer.

"Owing to the above findings, it is my opinion, that this man is not physically able to perform his duties as a fireman and should be given consideration for retirement as totally and permanently disabled."

Dr. W, on May 2, 1962, said:

"It is my opinion that due to the strenuous activities as a fireman and the strenuous activity on lifting a ladder at the time he was working at the drill tower that he had an acute heart attack at that time which has had some residual damage to his heart muscle which will be permanent. Because of this production of pain on exertion and shortness of breath I do not feel that now he can perform his normal duties as a fireman. Therefore, I recommend that he now has total disability due to his cardiac condition, he has a 50% disability due to the impairment of his back from an old injury of long standing, and should be retired as totally and permanently disabled to perform his duties as a member of the Tulsa Fire Department."

Therefore, the testimony of the doctors before the Retirement Board would be, in part, inadmissible before the State Industrial Court under the evidence in this case,

and that part is the testimony pertaining to the injuries to the back and stomach.

And third, the evidence before the Retirement Board, whatever it might be, and the findings of the Board, whatever they might be, certainly will not be binding on the State Industrial Court. The State Industrial Court is a court with original jurisdiction to administer the provisions of the Workmen's Compensation Law and to adopt and promulgate rules necessary for the orderly transaction of its business, including the determination of the nature and extent of the proof and evidence necessary to establish the right to compensation.

While it is true that these were two separate and distinct proceedings and that the basis of the determination of total disability under the pension proceeding was made by the same doctors, it must be borne in mind that the finding in the pension proceeding might have been based upon an entirely different and disconnected cause than that involved in the compensation case, as for example, arthritis. However, we do not mean to hold that no portion of the report of these doctors in the pension hearing was admissible in the compensation hearing if it bore upon the basis of the compensation claim. Certainly, if there was anything in the pension report bearing upon the heart attack, the basis of the compensation claim, which was inconsistent with the evidence of the witnesses before the Industrial Court, it could certainly be admissible for impeachment purposes.

The next and most relevant question to be determined is whether the findings of fact and conclusions of law contained in the order of the State Industrial Court are capable of judicial interpretation.

The claimant in his brief calls our attention to that part of the order relating to his heart attack and asks:

"Is the Industrial Court saying that the claimant did not have a heart attack induced by the strain of his work or are they saying that the claimant had a heart condition which would have arisen under any circumstances or are

they saying that claimant did not have a heart attack?"

We would go further and ask, "Or is the Industrial Court saying that claimant did have a heart attack but suffered no disability from it?"

We agree with claimant that after reading the order we are unable to determine just what the court has held.

■■ This Court is firmly committed to the rule that the Industrial Court is required to make specific findings of the ultimate facts responsible to the issues as well as conclusions of law upon which an order is made granting or denying an award to a claimant, and they should be sufficiently definite to enable this Court to pass intelligently upon the correctness or incorrectness of such orders based upon the facts. Where the findings of fact and conclusions of law of the State Industrial Court are too indefinite and uncertain for judicial interpretation, this Court, on review, will vacate the order for further proceedings. See Bates v. State Industrial Court, Okl., 394 P.2d 529; Bray v. State Industrial Court, Okl., 393 P.2d 232; Brookshire v. Knippers Plumbing Co., Okl., 390 P.2d 887 and related cases.

Claimant alleged in his Form 3 that the nature and extent of his injury on October 19, 1961, was "heart attack precipitated by exertion and strain of lumbar muscles, ligaments and tendons, neck strain." The evidence is undisputed that on that day claimant did indeed suffer a heart attack. Dr. A testified that he was called to administer to claimant when claimant was first brought to the hospital; that claimant had severe pain in his chest, his arms; that he was "sick at his stomach" and short of breath; that it was his opinion that claimant had a heart attack, angina pectoris, and that it was caused by the exertion and strain of lifting the ladder; that he prescribed nitroglycerine as treatment for claimant, and that at the time of his testimony he was still treating claimant for a heart condition. Dr. W testified that he examined claimant; that on exercise

claimant was short of breath, that it was his opinion that claimant "had an acute heart attack" caused by lifting the ladder. Dr. Mc, the doctor appointed by the Industrial Court to examine claimant, testified that he examined claimant on January 29, 1963; that on exercise claimant developed shortness of breath, and that he gave claimant a nitroglycerine pill which gave claimant immediate relief; that the electrocardiogram showed some minor changes; that claimant had some coronary insufficiency; that it was his considered opinion that claimant did have a heart attack.

The evidence is not sufficient to show that claimant sustained an injury consisting of a strain to his back, neck and chest unless used in connection with his claim that he sustained a heart attack by reason of strain to that part of his body.

The evidence is in conflict as to whether claimant sustained any permanent disability as a result of his alleged heart attack.

■ Therefore, from a careful perusal of the record and order in this case, we are unable to determine from the language and structure of said order whether the lower court intended to find that claimant did not suffer a heart attack arising out of and in the course of his employment on October 19, 1961, with respondent, or whether it intended to find that claimant did suffer a heart attack on said date with respondent but that he sustained no disability, temporary or permanent, as a result therefrom, or whether it intended to find that the only injury sustained by claimant on said date with respondent was a strain to his back, neck and chest. We can only conclude that the trial court failed to make a finding upon the ultimate issue of whether or not claimant sustained an accidental personal injury arising out of and in the course of his employment with respondent on the 19th day of October, 1961, and if he did, what was the injury and did it result in any disability to claimant?

Order vacated and cause remanded for further proceedings consistent with this opinion.

BLACKBIRD, C. J., HALLEY, V. C. J. and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.