**TRANSCON LINES, INC., and Transport Indemnity Company, Petitioners,**

**v.**

**Aline Mildred CURTIS, surviving widow of James Casey Curtis, deceased, and State Industrial Court of the State of Oklahoma, Respondents.**

No. 40999.

Supreme Court of Oklahoma.

Feb. 2, 1965.

Rehearing Denied May 11, 1965.

George E. Fisher, Oklahoma City, for petitioners.

William A. Kerr, Carl E. Moslander, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

JOHNSON, Justice.

On January 20, 1964, James Casey Curtis, hereinafter referred to as claimant, filed a claim for compensation before the State Industrial Court against Transcon Lines, Inc., employer, and its insurance carrier, Transport Indemnity Company, who will be hereinafter referred to as petitioners.

On March 11, 1964, a trial judge of the Industrial Court entered an order finding, among other things, that on the 6th day of August, 1963, claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named employer, to his back; that claimant had filed his first notice of injury within one year from the date of the accident and therefore the statute of limitations was not a bar to recovery; that employer had actual notice of the injury and was not prejudiced by claimant's failure to give the statutory thirty-day written notice and awarded claimant medical expenses incurred, temporary compensation from August 25, 1963 to February 2, 1964 and permanent partial disability on the basis of fifteen percent to the body as a whole. The order was affirmed on appeal by the court en banc.

Subsequently the claimant died from causes other than the injury, and the matter was revived in the name of Aline M. Curtis, the only dependent heir at law.

Petitioners bring this original proceeding for a review of the above award, contend-ing that "the undisputed evidence on behalf of claimant clearly shows that the condition from which the claimant was suffering is a recurrence of an old condition and is not due to any alleged accident of August 6, 1963, and is therefore not compensable under the Workmen's Compensation Act."

■ Whether disability is due to compensable injury or other cause is a question of fact for the determination of the State Industrial Court in a hearing on this question, and this Court will not disturb the finding made by said court thereon if there is any competent evidence reasonably tending to support such finding. Crest Building Corporation v. Lowe, Okl., 388 P.2d 512; Byers v. Creeco Mills & Elevator Company, Okl., 388 P.2d 476; Sanders v. State Industrial Commission, Okl., 331 P.2d 478.

The only testimony in the case is that of the claimant. He testified that he had been employed by Transcon Lines since July 17, 1959; that on April 5, 1960, while so employed, he hurt his back; that he was off work that time for a period of three weeks, was treated by a Dr. P and that employer paid for said treatment; that on August 6, 1963, while tightening U-bolts on a differential of a truck, which required 500 pounds of torque to properly tighten the bolts, he hurt his back again; that he did not tell anybody about the accident at that time, but that he did tell his foreman, Elton Clark, that his back was hurting, that he didn't feel like doing his work, and that he was going to take it easy; that he did not ask his employer to furnish him medical treatment at that time; that he continued to work, "they had me on light work down there then," until the 16th day of August, 1963, when he had to stop work altogether because of the injury; that he went again to Dr. P who treated him until September 10, 1963, when Dr. P referred claimant to Dr. H, who performed surgery on claimant's back; that he returned to work for Transcon Lines on February 2, 1964, and he has been working for them ever since; that the doctor bills had not been paid, but

that he had paid about $72.00 on hospital bills.

On cross-examination, claimant testified he didn't ask Clark or anybody connected with Transcon to send him to a doctor "for the simple reason Dr. P had taken my case before, and did it, and I didn't—couldn't see any reason for changing to another doctor * * *." Claimant further testified that on or about the 28th or 29th of August, 1963, he told Mr. Potts, who worked in the main office of Transcon, that he was going to the hospital to have his back operated; that this was the same man he took "those papers from Dr. P" to when the first accident happened in 1960.

Dr. H testified on behalf of claimant by written report. In getting a history of the accident from claimant Dr. H stated:

"He reports that on August 6, 1963, he had a recurrence of a problem in his back that had been intermittent during the last several months. He doesn't recite an actual on-the-job accident but repeated insults to his back with heavy lifting, awkward positioning working underneath trucks and that sort of thing triggered off these complaints."

Dr. H states that:

"He does have some permanent disability of the order of 15 to 20 percent body as a whole for performance of ordinary labor resulting from his back condition."

This is the evidence of the claimant. The petitioners offered no testimony. However, they did introduce a statement of the claimant given to a Tom R. Stephenson, a representative of the insurance carrier, on September 30, 1963, which petitioners urge "impeaches" claimant's testimony because in the statement "this man does not make any mention of an injury on August 6, or anytime in August. He does say that other than possible strains, but he does not fix a date; * * *."

We do not agree that the failure of the claimant to inform the representative of the insurance carrier of the date of the accidental injury necessarily operates to vitiate or impeach the testimony of the claimant given at the hearing. There is no conflict in claimant's testimony.

In its final analysis the question is one of weight and credibility to be accorded any testimony, and the Industrial Court, not the Supreme Court, is the sole and ultimate arbiter of the credibility of witnesses, be they lay or expert, and the weight to be accorded their testimony. Wade Lahar Construction Company v. Howell, Okl., 376 P.2d 221.

We think the evidence is sufficient to support the findings of the lower court. The undisputed evidence is that on the 6th day of August, 1963, claimant hurt his back while tightening U-bolts on the differential of a truck; the undisputed evidence is that claimant filed his claim within one year from the date of the accident and that Transcon had actual notice of the condition of claimant's back. The evidence is undisputed that Transcon had claimant on "light duty" because of his back condition. The medical evidence offered by claimant is also undisputed. The petitioners could have offered the testimony of both Mr. Clark and Mr. Potts to refute the testimony of claimant that he did not tell them about his back and about having to go to the hospital, if such he had not done. Petitioners could have had the claimant examined by a doctor of their own choice and had his testimony made a part of the record.

The uncontradicted evidence is sufficient to support the finding that employer had actual notice of the injury and was not prejudiced by claimant's failure to give the statutory thirty-day written notice.

Petitioners insist that the medical report of Dr. H "establishes without question that the alleged accident of August 6, 1963, is simply a recurrence of the previous back

trouble" because Dr. H stated that claimant "reports that on August 6, 1963, he had a recurrence of a problem in his back * * " and that the doctor concluded that claimant had some disability "resulting from his back condition." Petitioners say then that the only logical conclusion that can be reached is that the "back condition" is a "recurrence of a problem in his back that has been intermittent during the last several months."

■■ The rule is that a physician's opinion need not be given in categorical terms nor in the precise language of the statute, and an award of the State Industrial Court rests on competent evidence when it is supported by the general tenor and intent of the medical testimony. Star Printery Company v. Pitman, Okl., 376 P.2d 291.

■ We have also ruled that an accidental injury within the meaning of the Workmen's Compensation Act need not have resulted from one particular event, but may be the cumulative effect of trauma occurring at different times over an extended period. G. T. Harvey Company v. Steele, Okl., 347 P.2d 802; Acme Material Company v. Wheeler, Okl., 278 P.2d 234.

■ From the tenor of Dr. H's statement that "repeated insults to his back with heavy lifting, awkward positioning working underneath trucks and that sort of thing has triggered off these complaints" that "he reports that on August 6, 1963, he had a recurrence of a problem in his back that had been intermittent during the last several months," we feel his intent to be that the occurrence on August 6, 1963, was the accidental injury that caused claimant's present back condition. We hold this to be sufficient competent medical evidence to support the finding of the trial tribunal.

Finding the record free from errors of law and the order of the State Industrial Court amply supported by the evidence, the award is sustained.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, and IRWIN, JJ.