ENID STATE SCHOOL and State
Insurance Fund, Petitioners,

v.

Ramona MITCHELL and the State
Industrial Court, Respondents.

No. 51215.

Supreme Court of Oklahoma.

Sept. 19, 1978.

Sam Hill, Richard G. Mason, Oklahoma City, for petitioners.

E. W. Keller, Paul F. Fernald, Oklahoma City, for respondents.

IRWIN, Justice.

A trial judge entered a 300 week order for temporary total disability found to have resulted from claimant having contracted hepatitis during covered employment. This order was affirmed by State Industrial Court en banc.

Petitioner, hereafter respondent, initiated review proceedings seeking vacation of this order, or vacation and remand of the cause for further proceedings, upon two grounds, viz: (1) hepatitis contracted by claimant did not constitute accidental personal injury within meaning of the Act, 85 O.S.1971, § 1, et seq.; (2) incompetency and insufficiency of medical evidence to support an order for continuing temporary total disability.

Claimant, employed as an attendant at Enid State School, filed claim alleging contraction of hepatitis from exposure during employment while caring for children who had the disease. Respondent denied occurrence of accidental injury.

The case was heard February 22, 1977, for determination of temporary total disability only. Claimant testified she had been an attendant at one unit, but had been directed to work at another unit wherein children with confirmed cases of hepatitis were quartered.

June 15, 1976, claimant was hospitalized for jaundiced condition, which was diagnosed as type B hepatitis, or serum hepatitis, an inflammation of the liver ordinarily from viral infection. Stedman's Med. Dict.

(22 ed.) P. 569. Laboratory tests performed in March, particularly liver enzymes and bilirubins, had been normal. Upon hospitalization, laboratory testing and physical findings established diagnosis of serum hepatitis. Date of alleged exposure and date symptoms first appeared were consistent with normal incubation period of disease. There was no conflicting medical evidence, and cause of disability is uncontroverted.

Report of Dr. S., dated July 19, 1976 detailed history, diagnosis and treatment to and including July 14, 1976 after release from hospital. Claimant had a slow course of recovery, and still suffered effects of disease with possibility of recurrence. Total disability was anticipated for minimum of 3 months and it would be some time before claimant could safely be released from treatment.

Respondent's primary argument is that hepatitis is not an occupational disease specifically enumerated under § 3, supra, which lists only anthrax and glanders, and is therefore not compensable. In support of its position respondent cites a number of cases where compensation was denied to claimants who contracted an infectious disease while in the scope of covered employment. *Ridley Packing Co. v. Holliday* Okl., 467 P.2d 480 (1970), brucellosis; *Barnett v. Interstate Oil Pipeline Co.*, Okl., 294 P.2d 553 (1955), pneumonia; *Black, Sivalls and Bryson, Inc. v. Silvey*, 184 Okl. 176, 86 P.2d 327 (1938), tuberculosis. In particular respondent relies upon language found in *Keeling v. State Industrial Court*, Okl., 389 P.2d 487 (1964), which states, "a disease of the mind or body, which arises in the course of employment, with nothing more, is not within the Act".

From this posture respondent concludes no infectious disease alone, other than specified in § 3 of the Act, can be considered as accidental injury.

Respondent's argument has previously been considered at length in *City of Nichols Hills v. Hill*, Okl., 534 P.2d 931 (1975). In *City of Nichols Hills* the court discussed infectious disease as accidental injury within meaning of the Act, and, in answer to the argument that injury occurred, the Court said:

"* * * This injury was not a designed or expected consequence of the work in which claimant was engaged, and was not categorized as an occupational disease by experts who testified. To the contrary, competent evidence established this injury resulted from unexpected exposure, which occurred at a definite time and caused infection and disability. This evidence measured by factors declared to constitute accidental injury under *Atkinson,* supra, clearly establishes correctness of the finding claimant sustained accidental injury within meaning and intent of the Act, supra."

Upon authority of *Hill,* supra, the trial court correctly determined claimant had sustained accidental personal injury within meaning of the Act.

Respondents also attack competency and sufficiency of medical evidence to support the finding of continuing temporary total disability. The only medical evidence consisted of two reports from claimant's treating physician, dated July 19, 1976, and a report of Dr. P. dated August 9, 1976.

There is no complaint as to accuracy of the history of exposure, examination, diagnosis, or the medical conclusion relating infection to employment. Sufficiency of Dr. S.'s initial report to establish temporary total disability is admitted. However, respondents insist the first report was superseded by the second and, because phraseology indicates claimant's condition was stationary on that date, this was tantamount to directly stating temporary disability had terminated.

Further, Dr. P.'s report confirmed diagnosis and stated maximum benefits from treatment would be reached in 6 to 8 weeks. No supplemental report was made. Therefore, respondent argues, temporary disability beyond September 20, 1976 was unsupported by medical evidence, and this order must be vacated and remanded with directions for modification.

Argument that medical evidence showed claimant's condition had become stationary conflicts with reasonable import of the physician's language. Expert opinion need not be given in categorical terms or exact language of the statute to authorize award of compensation. An award rests upon competent evidence when supported by the general tenor and intent of medical testimony. *Cassidy v. Harding*, Okl., 451 P.2d 698 (1969). Claimant reportedly was suffering from early cirrhosis of liver with residual inflammatory reaction, consistent with past hepatitis cirrhosis. Symptoms of the disease were controlled by treatment at that time, but the condition would become permanent and possibly pose a major problem in the future. Additionally, uncontroverted testimony showed claimant was unable to work, because still under treatment and not released by her physician.

Whether the healing period had ended and temporary total disability ceased was a question of fact to be determined from expert medical evidence. A claimant must adduce affirmative proof showing the period of disability in order to provide basis for an award for temporary total disability. Reasonable interpretation of the medical report showed claimant remained under treatment for residual affects of disease which caused an irreversible condition. Although symptomatically controlled by treatment at that time, the cirrhosis possibly would become a major problem in the future.

The inquiry on review of compensation orders and awards, is whether any evidence reasonably supports the trial court's determination. We are of the opinion the order awarding compensation for temporary total disability is supported by the evidence.

AWARD SUSTAINED.

LAVENDER, V. C. J., and WILLIAMS, BERRY, BARNES, SIMMS and DOOLIN, JJ. concur.

HODGES, C. J., dissents.