ITT CONTINENTAL BAKING COMPA-
NY and Insurance Company of North
America, Petitioners,

v.

Ernest WARE, Liberty Mutual Insurance
Company, and Workers' Compensation
Court, Respondents.

No. 54456.

Supreme Court of Oklahoma.

Nov. 4, 1980.

Rehearing Denied Jan. 5, 1981.

Looney, Nichols, Johnson & Hayes by
Yvonne Sparger Nichols, Oklahoma City,
for petitioners.

Robert J. Boone, Oklahoma City, for re-
spondent Ware.

HODGES, Justice.

This appeal is brought by the employer
and its insurance carrier to review the order
of the Workers' Compensation Court en
banc which vacated the order of the trial
court, and found that the claimant, Ernest
Ware, had sustained an industrial injury on
May 1, 1978, and awarded compensation for
temporary total disability.

Claimant was employed by ITT Continen-
tal Baking Company as a bread oven loader
and helper. On August 15, 1978, claimant
filed his Form 3, alleging that he suffered

an on–the–job accident July 30, 1976, when he fell on flour covered stairs and subsequently on April 1, 1978, aggravated a pre–existing back injury by repeated lifting. The Form 3 states that the claimant's bodily injuries were to the hip, back, right index finger, neck and shoulders. November 21, 1978, claimant filed an amended Form 3, showing the date of the second accident as May 1, 1978, and including the names of two insurance carriers of the employer, one having the coverage on the date of the 1976 injury and the other having coverage on the date of the 1978 injury.

I

Petitioners, ITT Continental Baking Company and Insurance Company of North America, the employer and carrier having coverage on May 1, 1978, initially contend that the question of whether an accidental injury occurred on May 1, 1978, is a question of fact to be determined by the trial court and should not be disturbed on appeal by the court en banc unless such decision is against the clear weight of the evidence or contrary to law. Petitioners further contend that the trial court's decision, finding no accident occurring on May 1, 1978, was not against the clear weight of the evidence nor contrary to law and, therefore, the court en banc acted outside of its scope of review in vacating the order of the trial court.

We agree with the petitioners that under the language contained in 85 O.S.Supp. 1979 § 3.6, the court en banc only has authority to reverse or modify the decision of the trial court if it determines that such decision is against the clear weight of the evidence or contrary to law. Application of this statutory provision in the present instance requires review of the record before the trial judge in order to determine if the decision was in fact against the clear weight of the evidence or contrary to law.

From a review of the record, it is clear that the claimant suffered an injury on July 30, 1976, when he fell downstairs at the plant, injuring his back and leg, for which injury he received medical treatment and was off work approximately ten days. Claimant testified that subsequent to this his back bothered him from time to time and necessitated taking off work on occasions when the pain got worse. Claimant's testimony further reflects that the condition of his back worsened each day and this affected his neck while he was performing the ordinary duties of his job. Claimant's testimony states that the problem peaked when he was "setting pans" during the last part of March or the first part of April of 1978. Subsequently, in May of 1978, he went to the personnel manager and told him of his problems. He was referred to Dr. D. by the employer who in turn referred him to Dr. M. Claimant ceased working for the employer in the first part of June 1978, and was under medical treatment at that time.

Based on this evidence, the trial court entered its order finding that the claimant suffered an accidental personal injury on July 30, 1976, and that because the employer had furnished claimant additional medical treatment in May of 1978, with full knowledge of the claimant's previous injury, the employer waived the requirements of the one year limitation contained in 85 O.S.Supp. 1979 § 43. On appeal to the court en banc, the order on appeal vacated the order of the trial court found that claimant sustained an accidental personal injury on May 1, 1978, and awarded compensation for temporary disability on that basis.

From a review of the evidence presented, it is clear that the claimant suffered an accidental personal injury on July 30, 1976, followed by the effect of cumulative trauma in performing his ordinary duties of the job beginning in late March 1978, or early April 1978, which aggravated his pre–existing back condition caused by the previous 1976 injury.

Injury resulting from cumulative trauma is compensable.[1] Likewise, it has long been recognized in this jurisdiction that aggravation of a pre–existing condition or disease is compensable.[2] In the present case the clear weight of the evidence reflects that during March, April and May of 1978, the claimant suffered cumulative trauma in performing the duties of his employment resulting in aggravation of his pre–existing back condition caused by the 1976 injury. We, therefore, conclude that the trial court's order was against the clear weight of the evidence and contrary to law.

## II

The employer and carrier also assert that the court en banc erred in finding that the claimant sustained a second accidental injury, because there is not evidence showing a fixed date on which injury occurred.[3] Petitioners also argue that the claimant elected not to try the case on the cumulative· trauma theory. Both the original Form 3 and the amended Form 3 relate a subsequent accident in 1978, consisting of repeated lifting aggravating the back. Further, we know of no statutory provision which requires the claimant to make an election as to which theory he will try the case on.

In cases involving a cumulative trauma effect situation, the accidental injury occurs (1) at the time of claimant's awareness, or discovery, of a defect or ill effect cause to the claimant; and (2) at the time of his awareness that the effect is causally connected with his job.[4] From the record in the present case it is clear the claimant was aware of the ill effect caused to him and that such effect was causally connected with his job prior to May 1, 1978, and as early as April 1, 1978. Thus, the only competent evidence from the record is that April 1, 1978 would be the accident date of the subsequent injury and not May 1, 1978. To this extent the order on appeal entered by the court en banc is modified.

Petitioners further contend that the court en banc erred in finding that the claimant had sustained a neck injury in addition to his back injury. In support of this contention, petitioners argue that neither the original Form 3 nor the amended Form 3 allege any injury to the neck. We find this contention to be without merit, since a plain reading of both the original Form 2 and the amended Form 3 filed by the claimant shows that the claimant did allege an injury to the neck. Also, the record contains evidence of a neck injury.

Order sustained in part and modified in part consistent with this opinion.

LAVENDER, C. J., and WILLIAMS, BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

IRWIN, V. C. J., and OPALA, J., concur in result.

1. *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okl.1976); *Flynn Const. Co. v. Downum*, 444 P.2d 200 (Okl.1968); *Transcon Lines Co., Inc. v. Curtis*, 402 P.2d 269 (Okl.1965); *Crest Bldg. Corp. v. Lowe*, 388 P.2d 512 (Okl.1964); *G. T. Harvey Co. v. Steele*, 347 P.2d 802 (Okl.1959); *Macklenburg–Duncan v. Edwards*, 311 P.2d 250 (Okl.1957).

2. *Oklahoma City v. Schoonover*, 535 P.2d 688 (Okl.1975); *Meadow Gold Dairies v. Oliver*, 535 P.2d 290 (Okl.1975); *Capitol Steel & Iron Co. v. Austin*, 519 P.2d 1364 (Okl.1974); *Nat'l. Zinc Co. v. Cichon*, 364 P.2d 699 (Okl.1961); *Stan-*

*dard Roofing & Material Co. v. Ross*, 279 P.2d 947 (Okl.1955); *Patrick & Tillman Drlg. Co. v. Gentry*, 156 Okl. 142, 9 P.2d 921 (1932); *Hazel Atlas Glass Co. v. Pendergrass*, 152 Okl. 271, 4 P.2d 96 (1931).

3. Petitioners cite, *Joseph A. Coy v. Younger*, 192 Okl. 348, 136 P.2d 890 (1943); *Cardwell Mfg. Co. v. Thomas*, 192 Okl. 143, 134 P.2d 562 (1943); *Black, Sivalls & Bryson v. Silvay*, 184 Okl. 176, 86 P.2d 327 (1939).

4. *Munsingwear, Inc. v. Tullis*, supra, Note 1.