1998 OK CIV APP 155

**Brad WHEATON, Petitioner,**

v.

**CITY OF TULSA FIRE DEPARTMENT
and The Workers' Compensation
Court, Respondents.**

No. 91322.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Sept. 25, 1998.

J.L. Franks, Kathryn Burgy, Tulsa, Oklahoma, For Petitioner.

Valerie J. Evans, Tulsa, Oklahoma, For Respondents.

## OPINION

GARRETT, Judge:

¶1 Petitioner, Brad Wheaton (Claimant), filed a Form 3–B in the Workers' Compensation Court, alleging he sustained an occupational disease as a result of his employment as a firefighter for the City of Tulsa Fire Department (Employer). He alleged he contracted hepatitis C while he was moving an injured individual who had the disease, and that the date of last exposure to the hazard which caused the disease was July 1, 1997. Employer denied Claimant sustained an accidental injury or suffered an occupational disease arising out of and in the course of his employment.

¶2 At the trial, Claimant amended his Form 3–B by pleading alternatively that he suffered an accidental injury arising out of and in the course of his employment based on multiple exposure to a cumulative trauma injury, in addition to the occupational disease. The trial court denied the claim and made the following findings and conclusions:

> That claimant testified to several specific incidents during which he may have contracted the virus. Claimant was, understandably, unable to pinpoint exactly which of these specific incidents actually caused him to contract the disease. The fact that claimant cannot specify which of several specific incidents caused him to contract

the virus, should not bar the claimant from recovery under a specific incident theory.

In the case of *Morse v. Valley Hope Alcohol & Drug Treatment* (unpublished Ct. Of Appeals, Div. No. 3, October 10, 1997)[1] the Court of Appeals sited (sic) the cases of *City of Nichols Hills v. Hill,* 1975 OK ——, 534 P.2d 931, *Dyke v. Saint Francis Hospital, Inc.,* 1993 Ok. 114, 861 P.2d 295 and *Enid State School v. Mitchell,* 1978 Ok. 122, 590 P.2d 1179, for the proposition that hepatitis does not fit within the definition of an "occupational disease". That Court found that hepatitis is an accidental injury which occurs through a specific exposure to the virus and not a gradual exposure over a period of time.

That for the above reasons claimant's claim based on a cumulative trauma injury or occupational disease theory is denied. Claimant's claim for benefits herein is therefore denied.

¶ 3  For reversal, Claimant contends:

1.  The trial court's order is too indefinite for judicial review.

2.  The appropriate standard of review to be utilized is the any competent evidence test for correctness and/or de novo review.

3.  Claimant's contraction of hepatitis C should have been found compensable based on a cumulative accidental injury theory.

4.  Claimant's contraction of hepatitis C should have been classified as an occupational disease.

■ ¶ 4  Claimant contends it is not clear from the order whether the court intended to find he did not sustain a work-related injury in the form of hepatitis C, or whether the court found the injury cannot be pled as a cumulative trauma injury or an occupational disease. Claimant also contends the order does not specifically find he did not sustain a compensable injury, it only found that his injury is neither the result of a cumulative trauma nor an occupational disease. He complains the order is too indefinite or uncertain for judicial determination and should be vacated, citing *Reed v. City of Tulsa,* 1964 OK 219, 397 P.2d 140.

■ ¶ 5  The court correctly held that hepatitis C is not a cumulative trauma injury or an occupational disease. Oklahoma case law defining infectious diseases, including hepatitis, holds that the disease is contracted from an ***unexpected, but specific, exposure at a definite time*** to the disease, where the exposure is by chance, or unintentional. See *Enid State School v. Mitchell,* 1978 OK 122, 590 P.2d 1179; *City of Nichols Hills v. Hill,* 1975 OK 39, 534 P.2d 931. A cumulative trauma injury is the result of repeated microtraumas over a long period of time.

■ ¶ 6  An occupational disease, as defined under the Workers' Compensation Act, 85 O.S. Supp.1997 § 3(13),[2] must gradually develop and must result from a condition which is characteristic or peculiar to the particular employment. It must also result from a systemic reaction to something in the work environment which is introduced into the body. See *Ball–Incon Glass Packaging v. Taber,* 1994 OK CIV APP 132, 888 P.2d 2. Although there was disputed medical evidence as to whether firemen/paramedics are at a higher risk of contracting hepatitis, there is no evidence that hepatitis C resulted from a condition which is "characteristic or peculiar" to firefighters, or that it resulted from a "systemic reaction to something in the work environment which is introduced into the body." Claimant's medical expert, Dr. T., testified in a deposition that, in all probability, there would have been a specific occurrence that would have caused the hepatitis C. The definition of occupational disease is in-

---

1.  The trial court and the parties are referred to 20 O.S. Supp.1996 § 30.5, which provides that "[n]o opinion of the Court of Civil Appeals shall be binding or cited as precedent unless it shall have been approved by the majority of the justices of the Supreme Court for publication in the official reporter." See also Rule 1.200(b)(5), Oklahoma Supreme Court Rules, 12 O.S. Supp. 1997, Ch. 15, App.

2.  13. "Occupational disease" means only that disease or illness which is due to causes and conditions characteristic of or peculiar to the particular trade, occupation, process or employment in which the employee is exposed to such disease. An occupational disease arises out of the employment only if there is a direct causal connection between the occupational disease and the conditions under which the work is performed;....

consistent with the definition of hepatitis and other infectious diseases.

¶ 7 The court stated in the order that Claimant was unable to pinpoint the specific instance of exposure to hepatitis C, which proved a compensable accidental injury based on a "specific incident". We agree with the trial court that the fact Claimant cannot specify which of several specific incidents [exposures] caused him to contract the virus, does not bar him from recovery under this theory. Proof of several exposures, and that one of them caused the injury, is sufficient. The Supreme Court described the nature of exposure to hepatitis in the context of workers' compensation claims in *Dyke v. Saint Francis Hospital, Inc.*, 1993 OK 114, 861 P.2d 295. The Court said:

> Mere exposure to an infectious disease, no matter how threatening, is not enough to constitute a compensable event—it is not "accidental injury". An on-the-job exposure must pass through the incubation period and develop into an infectious disease before it may be viewed as an accidental injury compensable by the employer. [Footnote omitted.]

¶ 8 It is possible that, with repeated exposure in a job similar to Claimant's, that one would not know which of several exposures resulted in his contracting the disease. The medical evidence regarding the causal connection between Claimant's disease and his employment was disputed. However, the trial court did not rule on whether Claimant sustained an accidental injury.

¶ 9 The order is final only as to the court's denial of the claim as an occupational disease or as a cumulative trauma injury. An order which grants or denies an award is a final order. See *Continental Oil Co. v. Allen*, 1982 OK 18, 640 P.2d 1358; *Toney v. Parker Drilling Co.*, 1982 OK 17, 640 P.2d 1356. Otherwise, we hold the order is not a final order because the court failed to rule whether Claimant sustained a compensable accidental injury based on a job-related exposure.

¶ 10 This case is reversed and remanded with directions to consider the compensability of this claim under the theory of accidental injury.

¶ 11 REVERSED AND REMANDED WITH DIRECTIONS.

JOPLIN, P.J. and JONES, V.C.J., concur.

